Miller's
Heirs
v.
M'Intire.

LOCAL LAW.

## MILLER's Heirs *against* M'INTIRE & Others.

*Quære.* Whether the compact of 1789, between Virginia and Kentucky, restrained the legislature of Kentucky from prolonging the time for surveying one entry to the prejudice of another?

By the construction of the act of Kentucky of 1797, granting further time for making surveys, with a proviso, allowing to infants, &c. three years after their several disabilities are removed to complete surveys on their entries; if any one or more of the joint owners be under the disability of infancy, &c. it brings the entry within the saving of the proviso, as to all of the other owners

1826.

Miller's
Heirs
v.
M'Intire.
March 3d.
March 13th.

THIS cause was argued by Mr. *Sheffey* for the appellants, and by Mr. *Talbot* for the respondents.

Mr. Chief Justice MARSHALL delivered the opinion of the Court:

This is an appeal from a decree of the Circuit Court of the United States for the District of Kentucky, by which the bill of the plaintiffs was dismissed *pro forma.*

An original bill was filed by Miller's heirs, in the year 1808, to obtain from the defendants therein mentioned, the legal title to lands in their possession, to which the plaintiffs claimed the equitable right under a prior entry. The decree made by the Court, in that cause, against several of the defendants, was brought before this Court by appeal, and in that case the Court determined in favour of the entry under which the title of the plaintiffs arose. (2 *Wheat. Rep.* 316.) An amended bill was filed in 1815, against the present defendants in error, who, in their answer, contend, among other things, that the title of the plaintiffs has been forfeited by failing to make their survey within the time prescribed by the laws of Virginia; and that the compact between the two States restrained Kentucky from varying in any manner the laws by which titles originating anterior to the separation are to be governed.

Henry Miller, for whom the entry was made, died in March or April, 1796, having first made his last will in writing, by which he devised his

lands to be sold for the benefit of all his children, many of whom were minors.

The time allowed for making surveys, by the first law on that subject, had expired, but the time had been prolonged, first by the legislature of Virginia, and afterwards by that of Kentucky, until after the death of Miller, and the act of 1797, which gave still farther time, contained a saving of the rights of infants. In April, 1804, while the saving still existed, the survey was made.

In the case formerly decided in this Court, it was determined that Miller's heirs came within the saving of the act of 1797, but the compact between the two States was not then brought into view, and the counsel for the appellees insist that it applies to this case, and restrains the legislature of Kentucky from prolonging the time for surveying one entry to the prejudice of another. On this point a difference of opinion exists among the Judges. Some think, that a second entry is not authorized by the land law of Kentucky, and that no title can be acquired under it. A grant, therefore, that is founded on it is totally void, and the grantee cannot hold the land under it even after the original entry became forfeited. The land, on such forfeiture, became vacant, and it was competent to the legislature to grant it by an original warrant, or to revive or to continue the right held under the first entry.

Others are of opinion, that a subsequent entry is not absolutely void, but has been considered as a valid appropriation of the land, unless it shall

be encountered by a better title. That the re-moval or extinguishment of that better title, leaves the holder of a grant, founded on a junior entry, the true legal owner of the land it purports to convey. They think the practice of the Court, to direct the elder grantee to convey to the person claiming the equitable title, is strong evidence of the prevailing opinion, that a subsequent locater acquired a conditional interest, which might be ripened into title by the failure of the person holding the original entry to proceed as directed by law. But, they think, also, that this mere possibility could not attach itself absolutely to the land, until it became vacant by the laches of the person who had made the first appropriation. Till such vacancy actually occurred, the power remained with the State to give farther time for perfecting titles. Limitations of time, in this respect, were intended chiefly for the benefit of the State, since it was not the course of the government to tax unpatented lands. The State, therefore, might grant indulgences in this respect without giving just cause of complaint to a person whose interest, if he had any, was potential, not vested ; was rather a pre-emption to the exclusion of others subsequent to himself, than a positive acquisition which could in any manner interfere with the rights of the person who had made a previous appropriation. Without determining either of the points on which this difference exists, the Court is of opinion, that Miller's heirs are within the savings of the act giving farther time to the

owners of lands to survey the same, and for re-
turning plats and certificates to the Register's
office, passed in the year 1797, and may maintain
this suit, if no other objection exists to the title.

There seems to have been some confusion at
the trial respecting testimony; and, from the man-
ner in which the cause is brought up, the parties
are placed under circumstances in this Court
which throw difficulties in the way of the investi-
gation of the title on its real merits. We do
not think such a defence is made out by the de-
fendants as to justify an affirmance of the decree
dismissing the bill ; nor are we satisfied that the
state of the record is such as to enable this Court
safely to decree, that the defendants shall convey
the lands they hold within the patent of the
plaintiffs. The decree, therefore, must be re-
versed, and the cause remanded to the Circuit
Court, that farther proceedings may be had
therein according to equity.

DECREE. This cause came on, &c. On con-
sideration whereof, this Court is of opinion, that
the right of the plaintiffs was preserved by the
act giving further time to the owners of lands to
survey the same, and for returning plats and
certificates to the Register's office, passed in the
year 1797, and that the survey on which the pa-
tent was founded was made in time. This
Court doth, therefore, REVERSE the decree of
the Circuit Court, dismissing the bill of the
plaintiffs, and doth remand the cause to the said
Circuit Court, that further proceedings may be
had therein according to equity.