WILLIAM J. MINOR AND CATHERINE HIS WIFE, PLAINTIFFS IN ERROR, v. SHUBAL TILLOTSON.

Whether or not a record contains a bill of exceptions or statement of facts by the court, according to the practice in Louisiana, by which any question of law is brought up for revision in such a form as to enable this court to decide upon it; and whether or not there is a mass of various and conflicting testimony in relation to facts, upon which no jurisdiction can be exercised upon a writ of error; are questions to be decided only upon the final hearing of the cause.

The court will not go into this inquiry upon a motion to dismiss the writ of error, before the cause is taken up for argument.

*Webster*, of counsel for the defendant, moved to dismiss the writ of error in this case, for the following reasons:

1. Because this court has no jurisdiction on writs of error of any question apparent in this record.

2. Because the record does not show any question of law to have been decided in the court below, which this court can revise.

3. Because there is no question of law stated on the record by bill of exception; nor any special verdict, or agreed state of facts, or any unquestioned evidence of facts, on which any question of law can arise.

4. Because it does not appear whether any, or, if any, what matter of law was in dispute between the parties.

The action was brought to recover certain tracts of land. Two trials had been had; the verdict rendered on the first had been set aside by the court, and the judgment rendered on the second verdict reversed by this court.

Another jury was empannelled to try the cause, June 11, 1839; and after the trial had proceeded for some time, the parties agreed that the whole case should be submitted to the court, on the facts and the law, and that the judge should state the facts as he should find them; that such statement might be regarded as a special verdict.

On the 10th April, 1840, the court rendered a general judgment for the defendant, without making any statement of facts whatever. And thereupon, the next day, April 11, 1840, the parties agreed that all documents, plans, depositions, evidence, and exhibits, read in the cause, should be taken for a statement of facts in the case. The whole mass, therefore, of various and conflicting evidence, mixed up with questions of law, if there be such questions, is submitted to the decision of the judges of this court. This is a form of exercising its appellate jurisdiction on writs of error which it is not supposed to be competent to this court to adopt. 2 Wheat. 363; 3 Peters, 410; 16 Peters, 169.

*Walker* opposed the motion, and contended that there were three questions of law in the case, and that the statement of the judge was adopted, by agreement, as a special verdict.

Mr. Chief Justice TANEY delivered the opinion of the court.

This is a writ of error from the Circuit Court of the United States for the eastern district of Louisiana.

A motion has been made to dismiss the writ, upon the ground that the record contains no bill of exception, nor statement of facts by the court, according to the practice in Louisiana, by which any question of law is brought up for revision in such a form as to enable this court to decide upon it; and that there is a mass of various and conflicting testimony in relation to facts, upon which no jurisdiction can be exercised upon a writ of error.

Assuming this statement to be correct, it does not follow that advantage can be taken of it upon a motion to dismiss. The record shows that a judgment was rendered in the Circuit Court, over which this court undoubtedly have jurisdiction upon a writ of error. The plaintiffs allege that there is error in law in this judgment, and have brought it here for the revision of this court. And upon the argument of the case it will be incumbent upon

Todd *v.* Daniell.

them to show that the record presents, in some form or other, a statement of facts upon which a question of law arose in the Circuit Court, and which was there erroneously decided. And if he fails to do this, the judgment must be affirmed. But he is entitled to be heard, in order that he may show, if he can, that the error of which he complains appears in the record; and whether it does so appear or not, is a matter which cannot be inquired into in the form in which the case is now brought before us.

The motion must therefore be dismissed.

### ORDER.

On consideration of the motion made in this cause on a prior day of the present term of this court, to wit, on Saturday, the 18th ult., by Mr. Webster, to dismiss this writ of error for the want of jurisdiction, and of the arguments of counsel thereupon had, as well in support of as against the said motion, it is thereupon now here considered and ordered by this court, that the said motion be and the same is hereby dismissed.