Mr. Justice CLIFFORD.
 

 This was an action of assumpsit, and the case comes before the Court upon a writ of error to the Circuit Court of the United States for the District of Massachusetts.
 

 Suit was brought by the present plaintiffs against the defendant as the Collector of the Customs for the the Port of Boston and Charlestown, to recover back an alleged excess of duties exacted of the plaintiffs by the defendant on certain unmanufactured hemp imported by them from Russia in 1846. According to the transcript, the action was entered at the May Term, ■ 1847, and was thence continued from term tp term to the May Term,"1854, when the parties went to trial upon the general issue. Duties charged on the hemp were $40 per ton, whereas
 
 *483
 
 it was insisted by tbe plaintiffs that tbe charge should have been but $25 per ton, because by the 6th and 7th articles of the Treaty between the United States and Russia, it is stipulated to the effect that no higher rate of duty shall be imposed on importations from Russia than on like articles from the most favored nations, and by the Tariff Act of the 30th of August, 1842, xne duty imposed on manilla, sunn, and other hemps of India, was but $25 per ton. Evidence was introduced on both sides, but the record states that when the evidence was all in, it was agreed that the case should be taken from the jury and submitted to the Court, with authority to draw all such inferences of fact as a jury would be authorized to draw from the evidence, and that a verdict should be entered and judgment should be rendered for the plaintiffs or defendant, as the Court should think proper upon the law and the evidence.
 

 Accordingly a report of the case was made and signed by the counsel of the respective parties. Whether the parties were ever heard upon this report does not very satisfactorily appear, nor does it appear that any decision was ever made by the Court. On the contrary, the record subsequently states that the
 
 ad damnum
 
 of the w-rit, on motion of the plaintiff, was incteased, by leave of Court, from $2,000 to, $2,500; and it also states, among other things, that the case was submitted under instruc tions from the Court to a jury duly sworn to try the same, who thereupon returned their verdict that the defendant did not promise in manner and form as the plaintiffs have declared against him. Judgment was accordingly entered for the defend ant, and the plaintiffs sued out this writ of error and removed the cause into this Court. They did not, however, except to the instructions of the Court, and there is no bill of exceptions in the record, nor is there any assignment of errors of any kind. All that appears is the before-mentioned statement that the case was submitted to the jury under instructions from the Court, but the instructions are not given, and there is no error apparent on the face of the record. ________________ ______________
 

 1.
 
 When a suit is brought into this Court by a writ of error from a State Court under the 25 th section of the judiciary actn
 
 *484
 
 must appear on tbe face of tbe Tecord in order to maintain tbe jurisdiction, that some one of the questions stated in that section did arise in the State Court, and that the question so appearing was decided in the State Court, as required in the same section; and if it does not, so appear on the record then this Court has no jurisdiction to affirm or reverse, and the writ of error must be dismissed.
 

 2.
 
 But tbe writ of error in this case was sued out under the 22d section of the judiciary act, which provides in effect that final judgments in a Circuit Court, brought there by' original process, may be re-examined and reversed or affirmed in this Court upon a writ of error. Consequently, when a cause is brought into this Court upon a writ of error, sued out under that section, and all the proceedings are regular and correct, it follows from the express words of the section that the judgment of the Court below must be affirmed, although there is no question presented in the record for revision.
 
 Minor et al.
 
 vs.
 
 Tellotson,
 
 (1 Howard, 287);
 
 Stevens
 
 vs.
 
 Gladding,
 
 (19 Howard 64);
 
 Suydam
 
 vs.
 
 Williamson et al.,
 
 (20 Howard, p. 440).
 

 The judgment of the Circuit Court, therefore, is affirmed with' ¡acate.