## NEW ORLEANS RAILROAD *v.* MORGAN.

The appellee filed his petition in the Circuit Court of the United States averring that he was the holder of a large amount of bonds and coupons, secured by mortgage executed by the appellant.  He prayed for executory process.   Execution was awarded, and the appellant was ordered to pay the amount of said bonds and coupons.

The appellant failing to pay on demand, the railroad and its appurtenances were sold by the marshal, and the appellee became the purchaser.

The appellant then filed his petition in the said court, in the nature of an *auditâ querelâ*—averring that the award of execution had been made without notice; that the executory process, as recognized by the practice of Louisiana, could not be enforced in the courts of the United States; and that the appellee's claim could only be enforced on the equity side of the court.

The record showed the following entry :

> "The court having duly considered the 'petition and exhibits submitted by the petitioner in this cause, and being satisfied that the prayer thereof cannot be granted, it is ordered and decreed that the said petition be dismissed with costs.'  Judgment rendered June 14th, 1869.   Judgment signed June 18th, 1869.                             E. H. DURELL, Judge."

On motion to dismiss the writ of error, *held*, that this was sufficiently formal, and that it was a final judgment to which a writ of error would lie.

ON motion to dismiss writ of error.

The New Orleans, Opelousas, and Great Western Railroad Company issued, on the 1st April, 1859, two thousand bonds, redeemable in 1889, for $1000 each, with interest, payable semi-annually; and to secure the payments a mortgage was executed upon the road (eighty miles), together with the depots and lands appertaining to them, &c.

On 23d February, 1869, Charles Morgan filed his petition

in the Circuit Court of the United States for Louisiana, averring that he was the holder of a certain number of these bonds, and of coupons on them overdue.

On this petition an order was made, 30th March, 1869, directing the company to pay, on three days' notice, $316,840, and in default of payment the mortgaged property to be seized and sold for the whole debt.

[The reader will observe that this proceeding, known in the civil code of Louisiana as executory process, is wholly *ex parte*. The mortgage is held to be in the nature of a confession of judgment, and the judge grants the execution, upon the application of the party, as a matter of course, upon the production of authentic evidence of the mortgage, and bonds or notes.]

The company, being in a great state of embarrassment, was unable, thus summarily called on, to pay the large amount required by the order, and a seizure of their property was made by the marshal, and notice thereof served on the 5th April.

On the same day the company filed its bill on the equity side of the said Circuit Court, asking that for causes therein assigned the proceedings in the executory process should be stayed, and Morgan be required to file a bill on the chancery side of the court, to which all the creditors might be made parties, &c.

The motion for the injunction on this bill was heard 27th April, 1869.

The property was advertised to be sold under a writ of seizure, on 25th May, 1869, and it was not until the day before this sale, to wit, on 24th May, 1869, that the judge entered the following order:

"For reasons orally assigned, it is ordered and decreed that the prayer for an injunction be denied, with costs."

At the sale on the 25th May, Morgan, in the absence of the other creditors, became the purchaser of this very large property.

On the 1st June, 1869, the company for the first time appeared on the law side of the said Circuit Court, and filed its petition in the nature of an *auditâ querelâ ;* averring that the executory process could not be legally ordered without notice; that the order was made without notice; without proper evidence and parties; that the subject of the suit was only cognizable in chancery, &c., and prayed an award of " a writ to Charles Morgan, expressing a willingness to hear this complaint," that the validity of the said proceedings might be examined, and that they be restrained and suspended by writ until a final order herein.

Exceptions were filed on the 8th June by Morgan, and on the 14th June the following order and entry was made:

The court having duly considered the petition and exhibits submitted by the petitioner in this cause, and being satisfied that the prayer cannot be granted, it is ordered and decreed that the said petition be dismissed with costs.

Judgment rendered 14th June, 1869.   Judgment *signed* 18th June, 1869.                                    E. H. DURELL, *Judge.*

From this judgment the present writ of error was prosecuted in this court.

The Judiciary Act, as most readers will remember, gives this court power to re-examine on writs of error, and reverse or affirm "*final* judgments *in civil actions or suits*" rendered in a Circuit Court, where the matter in dispute exceeds the sum or value of $2000.

*Mr. Jenckes* now moved to dismiss this writ, chiefly on the following grounds : ·

1. Because the record contained no bill of exceptions; nor any agreed statement of facts; nor any special verdict; demurrer to a material pleading, or demurrer to evidence.

2. Because the judgment exhibited in the record was not a final judgment.

*In support of his motion, Mr. Jenckes* argued, that unless a bill of exceptions was tendered to the judge for his rulings

thereon, and allowed; or unless an agreed statement of facts, or a special verdict, or demurrer to a material pleading, or demurrer to evidence be shown, there was nothing disclosed for this court to review.*   And as there was thus no case made here upon which the judgment of the court could be given, and no *final judgment* of the court below set forth which could be affirmed, the proper course was to dismiss the writ of error.†

*Mr. P. Phillips, contra:*

Want of jurisdiction and irregularity of the writ, are the only grounds for a dismissal.   Wherever error is apparent on the record, it is open to revision, whether it be made to appear by bill of exceptions or otherwise.   In the present case the judgment is passed upon the allegations of the petition and exhibits, as though a formal demurrer had been filed by the defendant, and the action of the court, in either sustaining or overruling a demurrer, may be examined by writ of error, without a bill of exception.‡

The proceeding instituted on the 1st June, 1869—a petition in the nature of an *auditâ querelâ*—is beyond controversy a " civil action," or " suit," and the judgment rendered on 14th, and *signed* 18th June, was obviously *final*, inasmuch as it entirely disposed of the claim to relief set up in said " civil action" or "suit" and decreed costs.   The motion is, therefore, plainly unfounded every way.

Mr. Justice CLIFFORD delivered the opinion of the court.

Two principal causes are assigned in support of the motion to dismiss the writ of error:

1. That the record contains no bill of exceptions nor any agreed statement of facts or any special verdict, demurrer to a material pleading, or demurrer to evidence.

---

* Per Clifford, J., Pomeroy's Lessee *v.* Bank of Indiana, 1 Wallace, 592; Thompson *v.* Riggs, 5 Id. 663.

† Burr *v.* The Des Moines Company, 1 Id. 99.

‡ Rogers *v.* Burlington, 3 Wallace, 661.

2. That the supposed judgment exhibited in the record is not a final judgment.

Express jurisdiction is conferred upon this court by the twenty-second section of the Judiciary Act to re-examine, upon writ of error, and reverse or affirm final judgments in civil actions rendered in a Circuit Court, where the matter in dispute, exclusive of costs, exceeds the sum or value of two thousand dollars, whether the same was brought there by original process or was removed there from courts of the several States, or from a District Court.*

Such a writ of error, when issued to a Circuit Court, removes the whole record into this court, and if all the proceedings in the suit were correct, it follows, if not from the very words of the section, certainly from the necessary construction of the same, that the judgment must be affirmed.†

Error may be shown in such a case by a bill of exceptions or by a demurrer to the declaration, or a material pleading, or it may appear by an agreed statement of facts, if made a part of the record, or in a special verdict, if put in due form; but even when all these are wanting it is no cause for dismissing the suit, because the writ of error issued to a Circuit Court under that section brings up the whole record, and their absence only shows that there is no error in the proceedings; and if there is no error in any part of the record the prevailing party in the Circuit Court is entitled to an affirmance of the judgment.‡

Cases brought here by writ of error to a State court, issued under the twenty-fifth section of the Judiciary Act, stand upon a very different footing, as in such a case it must appear on the face of the record in express terms or by necessary implication, that some one, at least, of the questions described in that section did arise in the State court, and that the question so appearing in the record was decided in the State court, as required in that section; and if it does not so appear in the record, then this court has no jurisdic-

* 1 Stat. at Large, 84.        † Taylor v. Moreton, 2 Black, 484.

‡ Minor et al. v. Tillotson, 1 Howard, 287 ; Stevens v. Gladding, 19 Id. 64.

tion of the case, and in that event the writ of error must be dismissed; as this court, under those circumstances, has no power either to reverse or affirm the judgment rendered in the State court.*

Certain errors in judicial proceeding can only be examined in an appellate court when they are shown by a bill of exceptions,—as where proper testimony is rejected or where improper testimony is admitted,—but there may be error in the proceedings of a subordinate court apparent in the record for which the judgment will be reversed in an appellate tribunal, although they are not shown by a bill of exceptions and do not appear in an agreed statement of facts or by demurrer or in a special verdict,—as where the original process was unauthorized by law, or where the defendant was not served with process, or where the proceedings under the process were irregular and void.  Such were the rules of the common law, and they have been adopted and applied in this court in repeated cases.†

Whatever the error may be and in whatever stage of the cause it may have occurred it must appear in the record or proceedings, as before explained, or be shown by a bill of exceptions, agreed statement of facts, demurrer, or special verdict.‡

Two thousand bonds for the sum of one thousand dollars each were, on the first of April, 1859, issued by the plaintiffs in error, falling due in thirty years, with interest at eight per cent. payable semi-annually in coupons for the proper amount.  Their road was completed at that time from Algiers, opposite the city of New Orleans, to Berwick Bay, a distance of eighty miles, and they mortgaged the same, together with the road-bed of the main track and branches

---

* Suydam *v.* Williamson, 20 Id. 440; Taylor *v.* Moreton, 2 Black, 483; 1 Stat. at Large, 85.

† Slacum *v.* Pomeroy, 6 Cranch, 221; Garland *v.* Davis, 4 Howard, 131; Bennet *v.* Butterworth, 11 Id 669; Cohens *v.* Virginia, 6 Wheaton, 433; Suydam *v.* Williamson, 20 Howard, 433.

‡ 1 Chitty on Pleading, 431; 1 Tidd's Practice, 586; United States *v.* Eliason, 16 Peters, 291.

and the depots and the lands appertaining thereto, to secure the payment of the bonds. On the twenty-third of February, 1869, Charles Morgan filed his petition in the Circuit Court, averring that he was the holder of a certain number of these bonds and of a large number of coupons which were past due, and an order was made on that petition, on the thirtieth of March following, that the corporation plaintiffs, on three days' notice, pay to the petitioner, the defendant in error, two hundred and sixteen thousand dollars, and the cost of the proceedings, and that in default of such payment the mortgaged property might be seized and sold according to law for the whole of the debt secured by the mortgage. Payment, as thus summarily ordered, was not made, and thereupon a writ of seizure was issued by the court, and the whole of the mortgaged property was seized by the marshal and sold, and the petitioner became the purchaser of the same at the sale.

It is contended by the plaintiffs that the process and all the proceedings in the Circuit Court were irregular and void and that the same should be set aside, but the court will not determine that question at this stage of the controversy, because it is clear that if the views of the plaintiffs are correct, and the judgment is a final one, it must be reversed. Questions of reversal or affirmance appertain to the merits of the controversy, and will not be determined upon a motion to dismiss.

But the defendant insists that the judgment is not a final one, and that the writ of error should be dismissed on that ground.

On the first of June, 1869, the plaintiffs for the first time appeared on the law side of the Circuit Court, and filed their petition in the nature of an *audita querela*, averring that the executory process could not be legally ordered without notice; that the order was made without notice and without proper evidence and parties; that the subject of the suit was only cognizable in equity, and prayed that the validity of said proceedings may be examined, and that they be restrained and suspended by a writ until a final order herein.

Hearing was had on the petition and the court having duly considered the petition and exhibits submitted by the petitioner in this cause, and " being satisfied that the prayer thereof cannot be granted, it is ordered and decreed that the said petition be dismissed with costs."

Judgment rendered June 14th, 1869. Judgment signed June 18th, 1869.

The forms of verdicts and judgments, it is true, are not controlled, even in Louisiana, by the State law, but there must be some variation from the form of a judgment as at common law to render it appropriate to the form of the process adopted in that circuit. Common law suits as well as suits in equity are commenced in that court by petition, and the judgment in this case is in a form not unusual in that court. It is called a judgment in the record and treated as such by the court and the parties, and in our opinion the writ of error ought not to be dismissed for either of the reasons assigned in the motion.

MOTION DENIED.