THE EUTAW.

When a case is within the jurisdiction of the court, and there has been no defect in removing it from the subordinate court to this, the court will not dismiss the case on motion made out of the regular call of the docket.

MOTION to dismiss an appeal; the case being thus:

In March, 1867, Harris, Howell & Co. libelled the steamer Eutaw, in the District Court at New York, for repairs, supplies, advances, and labor and services to the vessel, at Wilmington, N. C. The answer denied generally the allegations of the libel. A reference was made by consent to a master to ascertain and report the amount due; "the same proof of the payment and propriety of payment of bills to be made as if before the court." The master, after admissions or proofs heard, found $4140.94; one item of this sum being $1000 for "commissions at 2½ per cent.," and this item being allowed on an allegation of a custom of maritime countries, and of which, as prevalent at Wilmington, specific proofs were given or attempted, in the shape of affidavits from commission merchants of that place, and otherwise in more formal shape. This item, unlike most of the charges, was apparently *not admitted*, though it was not attempted specifically to be *dis*-proved, it being left to be judged of on the record and the law. The respondents not excepting, so far as the record seemed to show, to this item of $1000, or to any other item found in the report, nor moving any correction nor objecting to confirmation, the report was confirmed in May, 1868, by the District Court. From that decree the respond-

---

* This decree was made at the last term.

ents appealed in about two years afterwards (March 19th, 1870), to the Circuit Court, assigning error in a general allegation, " that the said decree is erroneous inasmuch as the said libellants were not entitled to the damages claimed in the premises;" and in the prayer for an appeal stating that on the appeal the appellant " intended to make new allegations and introduce the same and new and further proofs." In the Circuit Court, no new allegations being made of record, nor further proofs introduced, the case was argued and taken into advisement. As was said in the briefs of one side, and not contradicted in those of the other, the court on one hearing (before Nelson, J.), set aside the report or decree, though afterwards, on reargument (before Woodruff, J.), affirmed it. Nothing of this difference of view between the judges appeared on the record.

From this decree, made March 19th, 1870, the case was brought here by appeal two months afterwards and now stood No. 403, a number quite far on upon the list, and making the case, if left to be heard in ordinary course, not likely to be reached for a considerable time.

The 23d rule of this court declares:

" In all cases where a *writ of error* shall delay the proceedings on the judgment of the inferior court, and shall appear to have been sued out merely for delay, damages shall be awarded at the rate of 10 *per centum per annum* on the amount of the judgment, and the said damages shall be calculated from the date of the *judgment* in the court below until the money is paid."

*Mr. C. Donohoe, in support of his motion to dismiss:*

No exception was taken to the proceedings or proof before the commissioner and none before the court against the report. No definite defence is set up in the answer. In order to allow an appeal or hearing on it, the appealing party should point out specifically what the defence is, and what he objects to.*

To adopt any other rule would be to allow a party to let

---

* Commander-in-Chief, 1 Wallace, 43

a decree go against him, in fact stand by and tacitly admit the claim, and then, when he had misled the court and counsel, attempt on some defect of evidence, or, in fact, on evidence not returned or accidentally omitted, to raise points not raised before. The court will not even hear by consent points not raised on the record.*

The appeal being evidently for delay, and there being no point really taken on the record, the case should be affirmed for want of a point to argue, or dismissed with costs. The ten per cent. damages given by the 22d rule for such appeals, while in part a punishment to the appellant, do not pay the appellee in what he suffers by them. He has to pay counsel and be out of his money. Such appeals, on the contrary, are disastrous to business men.

*Mr. T. M. Wheeler, contra:*

The reference required " the same proof of payment, and propriety of payment of bills to be made, as if made before the court."

It is not necessary to take an exception to the report of the commissioner.†

The appeal to the Circuit Court does point out an error, " in saying that the decree of the District Court is erroneous, inasmuch as the libellants were not entitled to the damages claimed in the premises." The error will appear from an examination of the record.

The court will not, on this motion, examine the merits of the case. That there is good ground for appeal is evident from the fact that two judges of the Circuit Court differed in opinion. The record will show that some of the payments were not legally proved, and that payment of some of the bills was not proper, and that therein the report did not conform to the order of reference. The item for commission on the cargo, amounting to $1000, is among the class of which we speak. It was not properly proved and is not

---

* Bradstreet *v.* Potter, 16 Peters, 317.

† Murray *v.* Charming Betsy, 2 Cranch, 64; Himely *v.* Rose, 5 Id 313.

a legal charge.  On this point the appellant has a right to be heard by this court.  It would not now be proper to make an argument nor would the court hear it on this motion.

*Reply.* Nothing should be on the calendar that does not contain points to argue.  It misleads parties lower on the calendar and will render uncertain the date of argument of cases having merits; for no one but the appellant, in cases like the present one, can tell whether it is intended to argue them or not when called.  The class will increase when once tolerated, and the thing will end in the calendar of this tribunal being put, like the calendars of some of our State courts now are, beyond the control of the court.

The only reason the case was before two judges below was, that neither before the first nor the second judges did the appellant in the circuit submit any points or make any argument; he simply submitted his record, as he did in the district, and left the court, as he does here, to find an excuse for non-payment.

Mr. Justice CLIFFORD delivered the opinion of the court.

Cases regularly on the calendar, whether brought here by writ of error or appeal, if within the jurisdiction of the court are required to be heard when reached in the regular call of the docket, and they cannot be heard before they are reached except when they are advanced by the order of the court.

Where the case is one not within the jurisdiction of the court the writ of error or appeal may be dismissed on motion, and certain defects in removing the cause from the subordinate court into this court entitle the party who prevailed in the court below to the same remedy.

Motions to dismiss are non-enumerated motions, and they may be filed by leave of court in any case on the calendar before the case is reached in the regular call of the docket, and they are entitled to preference on Friday in each week during the sitting of the court, as provided in the twenty-

seventh rule, but they do not give either party any right to be heard upon the merits of the controversy.

On the ninth of March, 1867, the appellees filed the libel in the District Court against the appellants, as the owners of the steamer Eutaw, her engine, tackle, apparel, &c., in a cause of action founded upon contract civil and maritime. By the second article of the libel it is alleged that the steamer belonged to the port of New York, that she was engaged in the coasting trade, that in the months of November and December prior to the filing of the libel she was in the port of Wilmington, North Carolina, and that she was in need of supplies, repairs, advances, and necessaries for her voyage; that the master of the steamer applied to the libellants to make such repairs and to furnish such supplies and advances, and that they, the libellants, complied with the request, and that there is due to them for such repairs, supplies, and advances, the sum of four thousand dollars. They also alleged that the repairs, supplies, and advances were necessary and proper to render the steamer seaworthy and fit to perform her intended voyage, and that the same were furnished on the credit of the steamer as well as of the master and owners.

Process was served and the first-named respondent appeared and filed an answer, in his own behalf and in behalf of the other respondent with whom he was impleaded, denying all the allegations of the libel. Subsequent to the filing of the answer an order was passed referring the cause to a master to ascertain and report the amount due to the libellants. Testimony was taken on both sides and the parties were heard and the master reported that there was due to the libellants the sum of four thousand one hundred and forty dollars and ninety-four cents for the repairs, supplies, and advances made and furnished, as alleged in the libel. No exceptions were taken by either party to the report of the master, and on the ninth of May, 1868, the District Court confirmed the report and entered a final decree in favor of the libellants for that amount.

Dissatisfied with the decree, the respondent appealed to the Circuit Court, where the parties were again heard upon the same testimony.    Apparently they were heard without any new reference of the cause and upon the general allegation of the appellant that the decree was erroneous and that the libellants were not entitled to the damages claimed in the libel and decree.    Different conclusions, however, were formed by the circuit judge, as he adjudged that the decree of the District Court should be affirmed with costs, and it is from that decree that the original respondent appealed to this court.

Referring to the record, it appears that the decree in the Circuit Court was entered on the nineteenth of March, 1870, and the appeal was taken to this court on the nineteenth of May following.    Such an appeal is not a supersedeas, but it cannot be dismissed, because no question is raised or presented in the record for the decision of this court.

Appeals are subject to the same rules, regulations, and restrictions as are prescribed in law in case of writs of error, and it is well-settled law that it is no sufficient cause to dismiss a writ of error that the record does not present any question of law for the revision of this court, as the writ of error when sued out under the twenty-second section of the Judiciary Act brings up the whole record, and it is the right of the plaintiff in error to be heard and have an opportunity to show, if he can, that there is error in any part of the record.*

When a cause is brought here upon a writ of error sued out under that section, and all the proceedings are regular and correct, the judgment of the Circuit Court must be affirmed, but the cause cannot be dismissed although there is no question presented in the record for revision.†

Apply that rule to the case before the court and it is clear that the motion must be denied, and it is equally

---

\* Minor et al. *v.* Tillotson, 1 Howard, 288; 2 Stat. at Large, 244.

† Taylor *v.* Morton, 2 *Black*, 484; Suydam *v.* Williamson, 20 *Howard* 440.

clear that appeals in that respect are subject to the same rules, regulations, and restrictions as are prescribed in law in case of writs of error. Appeals of the kind are usually regarded as brought for delay, and it may become necessary to amend the second article of the twenty-third rule so that ten per cent. damages shall be allowed in addition to the interest provided for in the first article of that rule.

MOTION DENIED.