## THE "LADY PIKE."

1. This court will consider, on a second appeal, only the proceedings subsequent to its mandate. The re-examination cannot extend to any thing decided on the first appeal.
2. Where a stipulation to abide and answer the decree of a district court in a case in admiralty is, with the consent of the parties, substituted for the stipulation previously filed by a claimant, it thereby becomes the only stipulation for value, and does not become inoperative upon an appeal to the Circuit Court. The appeal carries up the whole fund.

APPEAL from the Circuit Court of the United States for the Eastern District of Wisconsin.

This is an appeal from the decree of the court below in the execution of the mandate of this court in *The Lady Pike* (21 Wall. 1), where the former decree was reversed, and the cause remanded for further proceedings in conformity with the opinion.

The facts are stated and the assignment of errors set out in the opinion of the court.

*Mr. James H. Davidson*, for the appellants, cited the following authorities in support of the respective assignments of error:—

First assignment: *Lane* v. *Townsend*, 1 Ware, 289; *The Ship Empire and Cargo*, 1 Ben. 19; *The Union*, 4 Blatchf. 90; *The White Squall*, id. 103; *Carroll et al.* v. *The Steamboat T. P. Leathers*, Newb. Adm. 432; *Gaines* v. *Travis*, 1 Abb. Adm. 297. Second assignment: *The White Squall, supra*. Third assignment: *Whitwell et al.* v. *Burnside*, 1 Metc. (Mass.) 39; *Morgan* v. *Morgan*, 4 Gill & J. (Md.) 395; *McCluskey* v. *Cromwell*, 11 N. Y. 593; *Sawyer* v. *Oakman*, 11 Blatchf. 65; *Miller* v. *Stewart*, 9 Wheat. 681; *Smith* v. *United States*, 2 Wall. 219; *Leggett et al.* v. *Humphreys*, 21 How. 66; *United States* v. *Boyd et al.*, 15 Pet. 187; *United States* v. *Boecker*, 21 Wall. 652; *Smith* v. *Huesman*, Cent. Law Jour., Dec. 7, 1877, No. 23, p. 492; *The Ann Caroline*, 2 Wall. 538; *The Harriet*, 1 Rob. Adm. 183; *Myres et al.* v. *Parker*, 6 Ohio St. 501. Fourth assignment: *Carpentier* v. *Minturn*, 65 Barb. (N. Y.) 293, and authorities there cited; *Allen* v. *Malcolm*, 12 Abb. (N. Y.) Pr. 335; *Mahaney* v. *Penman*, 4 Duer (N.Y.), 603; *Shields* v. *Thomas*, 18 How. 253; *Watson* v. *The Cabot Bank*, 5 Sandf. (N. Y.) 423; *Murray* v. *Vanderbilt*, 39 Barb. (N. Y.) 148. Fifth assignment: *McGovney* v. *The State of Ohio*, 20 Ohio, 83; *Grant* v. *Naylor*, 4 Cranch, 224.

The court declined to hear counsel for the appellees.

MR. JUSTICE CLIFFORD delivered the opinion of the court.

Second appeals will lie in certain cases, where it is alleged that the mandate of the appellate court has not been properly executed; but the appeal in such a case will bring up nothing for re-examination except the proceedings subsequent to the mandate. Needful explanations may be derived from the original record; but the re-examination cannot extend to any thing that was decided in the antecedent appeal. *Sibbald* v. *United States*, 12 Pet. 488; *Santa Maria*, 10 Wheat. 431; *Roberts* v. *Cooper*, 20 How. 466.

Wheat to a large amount had been delivered by the shipper

to the steamer named in the record, to be transported from the port of shipment down the river to the port of destination. Pursuant to usage, the wheat was stored in a barge connected with the steamer; and the barge, with two others similarly laden, was taken in tow by the steamer, which furnished the motive-power for the whole craft. Prior to the commencement of the voyage, the owner of the wheat insured the same; and during the trip down the river the barge containing the wheat collided with a bridge-pier in the river and was sunk, and the barge with her cargo became a total loss.

Contest arising as to who was responsible, the insurance companies paid the loss, and filed a libel against the steamer and the barge containing the wheat, upon the ground that the loss was occasioned by the fault of those in charge of the motive-power. Service was made by attaching the steamer; and certain other proceedings took place not necessary now to be noticed, except to say that an appearance was entered, and that the steamer was discharged upon a stipulation for value. Proofs were taken; and the District Court, after hearing the parties, entered a decree dismissing the libel. Hearing was again had in the Circuit Court on appeal, and the Circuit Court entered a decree affirming the decree of the District Court. Prompt appeal was then taken by the libellants to this court, where the decree of the Circuit Court was reversed with costs, and the case remanded with directions to enter a decree for the libellants, and for further proceedings to be had therein, in conformity with the opinion of this court. *The Lady Pike*, 21 Wall. 1.

Due record of the mandate having been made, and execution for the costs of this court having been issued, the Circuit Court sent the cause to a master, to ascertain and report the amount the libellants were entitled to recover. Without unnecessary delay, the master made his report, which was subsequently duly confirmed; and the Circuit Court entered a final decree, in pursuance of the mandate of this court, that the libellants do have and recover of the claimants, Ephraim G. Pearce and William Knight, and William F. Davidson and Peyton S. Davidson, their stipulators, the sum of $13,190.40, the amount reported by the master, with costs of suit. Whereupon Christopher G. Pearce,

William Knight, William F. Davidson, and Peyton S. David-
son appealed to this court, which is the second appeal in the
case now under consideration; and they assign for error the
following causes, in substance and effect: 1. That the Circuit
Court erred in not entering a final decree against Henry Lourey,
as owner of the steamer, and his stipulator in the stipulation
which he as claimant filed for the value of the steamer. 2.
That the Circuit Court erred in entering the final decree
against the parties therein named as exhibited in the record.
3. That the Circuit Court erred in entering the decree against
the parties named in the decree, because their stipulation only
bound them to abide and answer the decree of the District
Court. 4. That the Circuit Court erred in not entering a final
decree against the claimants of the barge. 5. That the Circuit
Court erred in entering a final decree against Ephraim G.
Pearce.

Two of the errors assigned, to wit, the first and the second,
may conveniently be considered together, as they involve very
largely the same considerations.

Notices in due form to all persons claiming to own the
steamer were regularly posted by the marshal at the same
time that he attached the steamer under the monition of the
District Court; and the record of that court shows that Henry
Lourey appeared in the same court as claimant, and gave a
stipulation with surety in the sum of $10,000, conditioned that
the claimant should abide and answer the decree of the court
where the stipulation was given. Counsel subsequently ap-
peared, and on his motion the time was extended to file an
answer.

Delay ensued; and on the 2d of February following, Christo-
pher G. Pearce, William W. Hanley, and William Knight,
owners of the steamer, &c., intervened for their interest, and
filed their answer and claim. Their claim was limited to the
steamer; but the Western Union Railroad Company intervened
at the same time as owners of the barge, and joined in the same
answer and claim.

Six days later, it was ordered by the court, on motion of the
proctor for the claimants, that the stipulation filed at that time,
in the sum of $16,000, be substituted for and be in lieu of the

stipulation previously filed, and that the one previously filed be returned to the surety on the same.

Suffice it to say, without copying the instrument, that Ephraim G. Pearce and William Knight are therein described as the claimants of the steamer; and William F. Davidson and Peyton S. Davidson bind themselves, their heirs, executors, and administrators, in the sum of $16,000, unto the libellants, that they shall abide and answer the decree of the said court in the aforesaid cause.

Substituted as the instrument was for the prior one, which was given as a stipulation for value, it unquestionably became the operative, and the only operative, stipulation for value. Both parties concede that the prior stipulation was a stipulation for value, and that it was all the security the libellants had for compensation in case they prevailed in the suit. Power to change one stipulation for another, where the parties consent, is clearly vested in the District Court in such a case; and, inasmuch as the substitution was made in this case on motion of the proctor of the claimants, it surely does not lie with them to interpose any such objection, certainly not at this stage of the litigation.

Nor is it necessary to inquire whether the libellants might or might not have objected at the time, as it is clear that no such objection would be of any avail in an appellate court if not made in the court of original jurisdiction. . Through their proctor, the present claimants moved that the stipulation in question be substituted for the one previously filed; and the court made the order in pursuance of the motion of their proctor, and it was in accordance with the same motion that the prior stipulation was surrendered to the surety who gave it; and, if the theory of the claimants must prevail, the libellants are without any security whatever, as the vessel was discharged from attachment when the first stipulation for value was filed.

Viewed in the light of these suggestions, it is clear that the first and second assignments of error must be overruled.

2. Nor is there any greater merit in the third assignment of error, which assumes that the stipulation became inoperative when the case was appealed to the Circuit Court. Instead of that, the rule is universal that an appeal from the District

Court to the Circuit Court carries up the whole fund, which in this case consisted only of the stipulation for value and the appeal bond, as the record does not show that any stipulation for costs was given in the District Court. Where the appeal is from the Circuit Court to this court, the fund remains in the custody of the Circuit Court; but the mandate of the Supreme Court is sent down, and there operates upon the fund sent up from the District Court, just the same as if the execution had been issued there without any appeal to this court, which is sufficient to show that the third assignment of error cannot be sustained.

3. Service was not made upon the barge, and, of course, there could not be any final decree against her owners, which is all that need be said in response to the fourth assignment of error.

4. Other defences failing, it is insisted that the court erred in entering a decree against Ephraim G. Pearce, which it is understood means that the decree should have been against the appellant, Christopher G. Pearce, and not against the person who signed the stipulation. During the argument, it seemed to be conceded that there is no such person as Ephraim G. Pearce; that it is merely a mistake as to the Christian name, made by the attorney who affixed the appellant's name to the stipulation; and, if so, it is quite too late for the party to interpose that objection on a second appeal in this court, in a case where no excuse is shown for not having taken steps to have the correction made in the court where his attorney made it. Nothing of the kind was suggested when the cause was here before, and nothing appears to warrant the conclusion that the attention of the District or Circuit Court was called to it before the first appeal.

*Decree affirmed.*