### STEWART *v.* SALAMON.

An appeal from the decree which the Circuit Court passed in exact accordance with the mandate of this court upon a previous appeal will, upon the motion of the appellee, be dismissed with costs.

MOTION to dismiss an appeal from the Circuit Court of the United States for the Southern District of Georgia.

At its October Term, 1876, this court, in *Stewart* v. *Salamon* (94 U. S. 434), reversed the decree of the court below, and remanded the cause for further proceedings, in accordance with the opinion then delivered. After the mandate was filed in the Circuit Court, Stewart and Cutts petitioned for leave to file a plea of *lis pendens*, and an amended answer to the original bill. The petition having been overruled, and a final decree entered in accordance with the mandate, they appealed here. The appellees now move to dismiss the appeal.

*Mr. Philip Phillips* in support of the motion.

*Mr. Alexander H. Stephens* and *Mr. Charles P. Culver,* contra.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

An appeal will not be entertained by this court from a decree

entered in the circuit or other inferior court, in exact accordance with our mandate upon a previous appeal. Such a decree, when entered, is in effect our decree, and the appeal would be from ourselves to ourselves. If such an appeal is taken, however, we will, upon the application of the appellee, examine the decree entered, and if it conforms to the mandate, dismiss the case with costs. If it does not, the case will be remanded with appropriate directions for the correction of the error. The same rule applies to writs of error. This is not intended to interfere with any remedy the parties may have by *mandamus.*

This is an appeal from a decree entered upon our mandate. No complaint is made as to its form, and it seems to be in all respects according to our directions. The effort of the appellant was to open the case below, and to obtain leave to file new pleadings, introducing new defences. This he could not do. The rights of the parties in the subject-matter of the suit were finally determined upon the original appeal, and all that remained for the Circuit Court to do was to enter a decree in accordance with our instructions, and carry it into effect. If in the progress of the execution of the decree, after its entry, either party is aggrieved, he may appeal from the final decree in that behalf; but such an appeal will bring up for re-examination only the proceedings subsequent to the mandate.

The appeal will be dismissed with costs; and it is

*So ordered.*

MR. JUSTICE CLIFFORD dissenting.

Second appeals or writs of error, as the case may be, will lie in certain cases where it is alleged that the mandate of the appellate court has not been properly executed; but the appeal or writ of error in such a case will bring up nothing for re-examination except the proceedings subsequent to the mandate. Needful explanations may be derived from the original record, but the re-examination cannot extend to any thing that was decided in the antecedent appeal or writ of error. *The Lady Pike,* 96 U. S. 461; *Supervisors* v. *Kennicott,* 94 id. 498; *Himely* v. *Rose,* 5 Cranch, 313; *The Santa Maria,* 10 Wheat.

431; *Ex parte Sibbald*, 12 Pet. 492; *Roberts* v. *Cooper*, 20 How. 481; *Tyler* v. *Magwire*, 17 Wall. 253.

Authorities to that effect are very numerous, unanimous, and decisive; but cases coming into this court from the Circuit Court, under the twenty-second section of the Judiciary Act, where no question for re-examination is presented, whether brought here by writ of error or appeal, are not to be treated like a case with a similar record which comes up from a State court, under the twenty-fifth section of the same act, for the reason that it is the writ of error or the appeal which gives the jurisdiction under the twenty-second section of the act in all cases where the proceedings in bringing up the record are correct.

Instead of that, it is the question that gives the jurisdiction in cases brought here from a State court, under the twenty-fifth section of the same act. Consequently, in a case which comes here from a State court, it must appear by the record that some one of the questions stated in that section arose in the court below, and that it was determined as there required, otherwise this court is wholly without jurisdiction, and can only dismiss the writ of error.

Unlike that, if the case is brought up from a Circuit Court by writ of error or appeal, it is the writ of error or appeal which gives this court jurisdiction; and if the proceedings in bringing up the case are correct, the jurisdiction of the court is beyond question, and by the express words of the section the Supreme Court must reverse or affirm. 1 Stat. 84; *Taylor* v. *Morton*, 2 Black, 484.

Nor is there any alteration of that provision in that regard, except that the appellate court may affirm, modify, or reverse the judgment; the rule still being, that it is the writ of error or appeal in such cases that gives the jurisdiction, and that the appellate court can only affirm, modify, or reverse the judgment, or decree, where there is no error in bringing up the case. 17 Stat. 147.

Reported cases almost without number decide that a case regularly brought up under the twenty-second section of the Judiciary Act cannot be dismissed because the record presents no question for re-examination; the universal rule being, that

the plaintiff or appellant is entitled to be heard in order that he may show, if he can, that the error of which he complains appears in the record; and whether it does so appear or not cannot be inquired into in the form of a motion to dismiss. *Minor* v. *Tillotson*, 1 How. 287; *Stevens* v. *Gladding & Proud*, 19 id. 64; *Suydam* v. *Williamson et al.*, 20 id. 427.

Parties who sue out writs of error or take appeals for delay may be subjected to ten per cent damages in addition to interest, under the present rule of the court, which, in my judgment, is a much more appropriate remedy for the abuse of process than the one now prescribed by the majority of the court.

Writs of error or appeals sued out under the twenty-second section of the Judiciary Act may be dismissed for irregularities in bringing the case up; but if the proceedings in bringing the case up are regular, the court here is always bound to affirm, modify, or reverse the judgment or decree, except in a limited class of cases, where there has been a mistrial; and even in that class of cases it is usually necessary to reverse the judgment or decree in order to open the pleadings to a new trial. *Barnes* v. *Williams*, 11 Wheat. 445; *Carrington* v. *Pratt*, 18 How. 63; *Prentice* v. *Zane*, 8 id. 484.

Judgments or decrees of the Circuit Courts, brought there by original process, or removed there by writ of error or appeal from a District Court, where the matter in dispute exceeds the sum or value of $5,000, exclusive of costs, may be re-examined and reversed, modified, or affirmed in the Supreme Court. 1 Stat. 84; id. 244; 17 id. 197; 18 id. 316; Rev. Stat., sect. 701.

Certain conditions and proceedings are prescribed for bringing up such judgments and decrees; and if there is any material error in those proceedings, not amendable, the writ of error or appeal may be dismissed on that account as if the writ of error or appeal was not sued out or taken within two years from the rendition of the judgment or the entering of the decree; or if error was brought instead of appeal, or appeal instead of a writ of error, or if the judgment or decree did not exceed the sum or value of $5,000, the writ of error or appeal may be dismissed.

Cases of the kind frequently occur; but if the case is well brought up, and the matter in dispute exceeds the sum or value of $5,000, the writ of error or appeal, if sued out or taken within two years from date of the judgment or decree, gives this court jurisdiction to re-examine the alleged error or errors; and the act of Congress requires that this court shall reverse, modify, or affirm the judgment or decree.

Experience shows that cases are sometimes brought up for delay; but the remedy provided by Congress for such an abuse of process is that the Supreme Court may award to the respondent just damages for his delay, and single or double costs, in their discretion.   1 Stat. 84.

Beyond doubt, the record shows that the decree in this case was for the sum of $12,280, and that the appeal was taken on the day the decree was entered, and that there was no irregularity in bringing up the case.   Nor is any thing of the kind pretended.   Instead of that, the only objection is that it is a second appeal, which is not a valid objection.