946 F.2d 897
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Claire RAND, custodian for Brett RAND, Plaintiff-Appellant,
v.
MONSANTO COMPANY, Defendant-Appellee.
 No. 91-2729.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 4, 1991.
Decided Sept. 10, 1991.
As Amended on Denial of Rehearing Oct. 1, 1991.
 
 Before EASTERBROOK, MANION and KANNE, Circuit Judges.
 
 Order
 
 1
 The opinion remanding this case for further proceedings made it clear that the district court was free to conclude that Richard Rand is not an adequate representative of the class--so long as the court came to that conclusion without the aid of a rule that to be "adequate" the representative must be willing to bear the entire costs of suit. 926 F.2d 596, 601 (7th Cir.1991). The district court conducted the proceedings contemplated in our opinion and concluded that Richard Rand was not a proper representative. The appeal has been met by a motion to dismiss, arguing that an order implementing the appellate mandate is not separately appealable. Stewart v. Salamon, 97 U.S. 361 (1878).
 
 
 2
 Claire Rand, now the putative class representative after the death of her husband, responds that the mandate rule does not apply when the party presents new arguments that were not foreclosed by the earlier appeal. This is correct, but unless the new arguments are substantial there is no reason to conduct extended appellate proceedings. The papers filed in connection with the motion to dismiss show that the arguments are not substantial, and we accordingly affirm the judgment summarily, avoiding any need to file additional documents in a doomed appeal.
 
 
 3
 The first new argument is that the adequacy of the deceased Richard Rand no longer matters, and that the district court should have assessed the adequacy of Claire Rand, the current custodian for Brett Rand (the actual purchaser of the stock). This is true as a general matter: determining adequacy is a predictive judgment, and Claire Rand is the person now offering herself as the champion of the class. Yet although Richard Rand died five months before oral argument of the original appeal, counsel did not urge us to consider the case in terms of Claire Rand's adequacy or urge a remand so that the district court could consider that question; all proceedings in this court were addressed exclusively to the adequacy of Richard Rand. Now that the court has addressed the case in the terms the parties presented it, it is too late to recast the strategy. Counsel presented this as a case that turned on the adequacy of Richard Rand and received a decision on that question.
 
 
 4
 The second new argument is that the district court should have sent (or permitted Claire Rand's lawyers to send) a new notice to the class seeking a new representative. The first notice informed the investors that anyone stepping forward would have to bear the entire costs of the case. Our opinion establishes that this advice was incorrect; it follows, she submits, that the court should send a new notice. Under Fed.R.Civ.P. 23, only two notices to the class are necessary: when a class is certified, and when a case is settled. A court has no obligation to send notices trying to drum up litigation. Although such notices are constitutionally permissible under Hoffmann-La Roche, Inc. v. Sperling, 110 S.Ct. 482 (1989), they are not required by any rule. No one is entitled to call on a court to find another plaintiff.
 
 
 5
 Deposit Guaranty National Bank v. Roper, 445 U.S. 326 (1980), holds that a plaintiff whose own claim has been satisfied may remain as a litigant long enough to obtain a class certification--or to fail in that effort. The Rand family has had ample opportunity, no other investor has stepped forward to carry on, and the time has come to close this case.
 
 
 6
 AFFIRMED.