T.C. Memo. 2005-137

UNITED STATES TAX COURT

PETER M. HAVER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15706-03.                    Filed June 13, 2005.

Peter M. Haver, pro se.

<u>Justin L. Campolieta</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioner petitioned the Court to redetermine
the following Federal income tax deficiencies and additions to
tax under section 6651(a)(1):[1]

---

[1] Unless otherwise noted, section references are to the
applicable versions of the Internal Revenue Code.  Rule
references are to the Tax Court Rules of Practice and Procedure.

|       |            | Addition to Tax |
|-------|------------|-----------------|
| Year  | Deficiency | Sec. 6651(a)(1) |
| 1997  | $3,663     | $380.75         |
| 1998  | 1,935      | 450.75          |
| 1999  | 2,832      | 708.00          |
| 2000  | 1,319      | 329.75          |

Following concessions by respondent and submission of the case pursuant to Rule 122, we must decide whether the limitation on the application of foreign tax credits to alternative minimum tax (AMT) liability under section 59(a)(2) may be harmonized with article 23(1) of the Convention Between the United States of America and the Federal Republic of Germany for the Avoidance of Double Taxation of August 29, 1989, 2 Tax Treaties (CCH) 77,021 (the U.S.-Germany treaty or article 23(1)).  We hold that it may.[2]

## Background

All facts were stipulated or contained in the exhibits submitted therewith.  We incorporate herein by this reference the parties' stipulation of facts and the exhibits submitted therewith.  We find the stipulated facts accordingly.  Petitioner resided in Dusseldorf, Germany, when his petition was filed in this Court.

---

[2] Petitioner has conceded that he is subject to the sec. 6651(a)(1) penalty, stating that his returns were filed "belatedly in January, 2003."

Petitioner is a U.S. citizen who during the subject years resided in Germany and was employed there as an attorney. During 1997, 1998, 1999, and 2000, his income was derived entirely from foreign sources, and he did not report an AMT liability as to the income. For each of the years in issue, he had foreign tax available for credit, entitling him to foreign tax credits under section 59(a), and tentative AMT, as follows:

| Year | Foreign Tax Available for Credit | Sec. 59(a) Credit | Tentative AMT |
|------|------|------|------|
| 1997 | $75,148 | $44,008 | $36,627 |
| 1998 | 42,586 | 27,762 | 22,026 |
| 1999 | 65,161 | 34,822 | 28,324 |
| 2000 | 37,730 | 17,477 | 13,193 |

Petitioner first filed income tax returns for these years in January 2003.

## Discussion

While acknowledging that section 59(a)(2)(A) supports respondent's determination in full, petitioner argues that section 59(a)(2)(A) is inapplicable to this case as it was superseded by article 23(1). Petitioner urges that this Court was misguided in Pekar v. Commissioner, 113 T.C. 158, 163 (1999), and Brooke v. Commissioner, T.C. Memo. 2000-194, affd. 13 Fed. Appx. 7 (D.C. Cir. 2001), where we held that article 23(1) harmonizes with the application of section 59(a)(2)(A) because article 23(1) states that the U.S.-Germany treaty shall apply in

"accordance with the provisions and subject to the limitations of the law of the United States".

Petitioner notes that section 59(a)(2)(A) was enacted as part of the Tax Reform Act of 1986, Pub. L. 99-514, sec. 701(a), 100 Stat. 2320, and that the U.S.-Germany treaty was ratified on August 21, 1991. Petitioner contends, contrary to our holdings in Pekar and Brooke, that irreconcilable differences exist between the U.S.-Germany treaty and section 59(a)(2)(A) and that the treaty controls because it was ratified at a later date. See, e.g., Taylor v. Morton, 23 F. Cas. 784, 786-787 (C.C.D. Mass. 1855) (establishing the so-called later in time rule), affd. 67 U.S. (2 Black) 481 (1863). Petitioner concedes, however, that we must attempt to reconcile a statute with a potentially conflicting treaty before applying the later in time rule. See, e.g., Whitney v. Robertson, 124 U.S. 190, 194 (1888); Murray v. Schooner Charming Betsy, 6 U.S. (2 Cranch) 64, 118 (1804) ("an Act of Congress ought never to be construed to violate the law of nations if any other possible construction remains"). Respondent argues that this Court can reconcile the statute with the treaty as it did in Pekar and Brooke, and that we should follow those cases. We agree with respondent.

In Pekar v. Commissioner, supra, and Brooke v. Commissioner, supra, we concluded that article 23(1) specifically recognized the "provisions" and "limitations" of existing U.S. law,

including those contained in section 59(a)(2)(A). We find no reason to depart from these holdings to follow petitioner down a twisting path of legal analysis whose ultimate destination would require us to reverse two prior holdings and find a provision of U.S. law in conflict with the U.S.-Germany treaty. We hold in accordance with our previous decisions in Pekar and Brooke that the limitation of section 59(a)(2)(A) applies to petitioner.[3]

We have considered all of the parties' arguments and rejected those not discussed herein as meritless. To reflect respondent's concession,

Decision will be entered under Rule 155.

---

[3] Petitioner raises for our consideration Kappus v. Commissioner, 337 F.3d 1053 (D.C. Cir. 2003), affg. T.C. Memo. 2002-36, where the Court of Appeals for the District of Columbia Circuit opted not to decide whether sec. 59(a)(2)(A) conflicted with an article of the U.S.-Canada treaty similar to article 23(1), by holding that sec. 59(a)(2)(A) controlled the outcome as the later of the two provisions. Petitioner infers erroneously from the court's holding in Kappus that the statute and the U.S.-Germany treaty cannot be reconciled. The court never considered that question. Nor did the court say anything inconsistent with its previous affirmance of our decision in Brooke v. Commissioner, T.C. Memo. 2000-194.