NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0145n.06

No. 20-3226

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| WALID JAMMAL; KATHLEEN TUERSLEY; CINDA J. DURACHINSKY; NATHAN GARRETT,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>AMERICAN FAMILY INSURANCE COMPANY; AMERICAN FAMILY MUTUAL INSURANCE COMPANY; AMERICAN FAMILY LIFE INSURANCE COMPANY; AMERICAN STANDARD INSURANCE COMPANY OF WISCONSIN; AMERICAN FAMILY TERMINATION BENEFITS PLAN; RETIREMENT PLAN FOR EMPLOYEES OF AMERICAN FAMILY INSURANCE GROUP; AMERICAN FAMILY 401K PLAN; GROUP LIFE PLAN; GROUP HEALTH PLAN; GROUP DENTAL PLAN; LONG TERM DISABILITY PLAN; AMERICAN FAMILY INSURANCE GROUP MASTER RETIREMENT TRUST; 401K PLAN ADMINISTRATIVE COMMITTEE; COMMITTEE OF EMPLOYEES AND DISTRICT MANAGER RETIREMENT PLAN,<br><br>Defendants-Appellees. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | **FILED**<br>Mar 18, 2021<br>DEBORAH S. HUNT, Clerk<br><br><br>ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO<br><br><br><br>O R D E R |

BEFORE: BOGGS, CLAY, and ROGERS, Circuit Judges.

This case returns to us after our previous disposition in *Jammal v. Am. Family Ins. Co.*, 914 F.3d 449 (6th Cir. 2019). There, we held that the plaintiff insurance agents were, as a matter of law, independent contractors, not employees of the defendant insurance companies for purposes of ERISA. *Id.* at 451. The insurance agents petitioned for rehearing en banc, which the court

denied. The insurance agents then petitioned the Supreme Court for a writ of certiorari, which it denied. 140 S. Ct. 643 (2019) (mem.). The Court also denied the insurance agents' petition for rehearing. 140 S. Ct. 985 (2020) (mem.).

The case returned to the district court. The parties had agreed throughout the litigation that if the insurance agents were independent contractors, then the case "would necessarily be resolved" in favor of the insurance companies. *Jammal v. Am. Family Ins. Co.*, No. 1:13-cv-00437-DCN (N.D. Ohio Jan. 27, 2020), Doc. No. 350, at PageID 25,283. Thus, the companies moved for judgment, to which the insurance agents "offered no substantive objection." *Id.* at PageID 25,283–84. The district court granted the motion and entered judgment for the insurance companies. *Id.* at PageID 25,284; *see also* Doc. Nos. 351–52, at PageID 25,285–91 (entered the same day).

The insurance agents now appeal the entry of judgment. But no further substantive proceedings below are at issue—"[t]he rights of the parties in the subject-matter of the suit were finally determined upon the original appeal, and all that remained for the [District] Court to do was to enter a decree in accordance with our instructions, and carry it into effect." *Stewart v. Salamon*, 97 U.S. 361, 362 (1878). That decree "is in effect our decree, and the appeal would be from ourselves to ourselves." *Ibid.* We have no jurisdiction to entertain such an appeal. *Ringhiser v. Chesapeake & Ohio Ry. Co.*, 264 F.2d 62, 63 (6th Cir. 1959) (per curiam).

We dismiss the appeal.

**CLAY, Circuit Judge, concurring.** In our previous opportunity to consider Plaintiffs' arguments, I dissented because the majority opinion "(1) adopt[ed] an incorrect standard of review for district court determinations regarding whether and to what extent the [*Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318 (1992)] factors support employee or independent contractor status; (2) incorrectly analyze[d] *Darden* factors one and eight; and (3) incorrectly weigh[ed] the *Darden* factors." *Jammal v. Am. Family Ins. Co.*, 914 F.3d 449, 460 (6th Cir. 2019) (Clay, J., dissenting). Although I continue to believe that the majority opinion was wrongly decided, I agree that we lack jurisdiction to consider this appeal. Therefore, I concur.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk