## RICE v. MARYLAND CASUALTY CO.

### No. 8076.

Circuit Court of Appeals, Fifth Circuit.

March 4, 1937.

Rehearing Denied April 17, 1937.

J. A. Lantz, of Austin, Tex., and R. N. Grisham, of Tyler, Tex., for appellant.

John R. Fullingim, of Amarillo, Tex., for appellee.

Before FOSTER, SIBLEY, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

Appellant brought this suit to recover compensation for total disability under the provisions of the Workmen's Compensation Law of Texas, articles 8306–8309, Rev. Stat.Texas, 1925, as amended (Vernon's Ann.Civ.St.Tex. arts. 8306–8309). At the close of plaintiff's evidence defendant moved for a directed verdict on the grounds: That plaintiff had not filed his claim with the Industrial Accident Board within six months after injury nor has shown good cause for delay; and that the evidence failed to show that he had been permanently injured by the accident. The motion was granted and judgment was entered for defendant. Error is assigned to that action of the court.

Evidence in the record tends to show the following facts: Plaintiff was employed by the J. M. Huber Company in a carbon black plant in Hutchinson county, Tex. On October 6, 1930, a fire occurred in the cooling room in a pile of sacks of carbon black. Plaintiff assisted in taking the sacks that were on fire outside of the building and in extinguishing the fire with water. He did not file his claim with the Industrial Accident Board until July 12, 1933, some two years and eight months after the accident. The Board rejected the claim on February 23, 1934, on the ground that it had been filed too late and good cause for the delay had not been shown. This suit followed.

There is no doubt that the plaintiff was injured by inhaling carbon monoxide gas created by the fire. Three doctors, who examined him in 1934, testified that his then condition could have been caused by inhaling carbon monoxide gas, as he had told them in giving the history of his case. The excuse pleaded, and supported by plaintiff's testimony, for not filing his claim sooner was that he was treated by Dr. McRae, physician of his

employer, who told him he was suffering with a heart ailment and advised him to go to a lower altitude than Hutchinson county; that acting upon this advice, he did so and considered that his subsequent condition was a result of his heart ailment and not carbon monoxide poisoning; that he did not learn his condition was due to the accident until shortly before he filed his claim. On the other hand, plaintiff's evidence, and other evidence introduced by him, tended to show that plaintiff knew he was injured by the carbon monoxide gas, within a short time after the accident, and knew that his condition, which continued until suit was filed, was the result of inhaling the poison.

It is well settled that under the law of Texas failure to file claim within the period of six months, in the absence of sufficient proof of good cause for the delay, is a bar to the claim. On appeal to the court the trial is de novo and necessarily each case depends upon its own facts for decision. On all the facts in the record we agree with the District Court that plaintiff failed to show any reasonable cause for delay in filing his claim. Holloway v. Texas Indemnity Ins. Co. (Tex.Com.App.) 40 S.W.(2d) 75; New Amsterdam Casualty Co. v. Scott (Tex. Civ.App.) 54 S.W.(2d) 175; Texas Indemnity Ins. Co. v. Williamson (Tex.Civ. App.) 59 S.W.(2d) 232. It is unnecessary to consider the other ground urged for the direction of the verdict.

It was not error to direct the verdict for defendant.

Affirmed.