### INDEMNITY INS. CO. OF NORTH AMERICA v. McMANUS.

#### No. 8121.

Circuit Court of Appeals, Fifth Circuit.

March 18, 1937.

J. Austin Barnes, of Beaumont, Tex., for appellant.

Otis Rogers, of Fort Worth, Tex., for appellee.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is an appeal from a judgment awarding total and permanent disability benefits under the Workmen's Compensation Law of Texas (Vernon's Ann.Civ. St.Tex. arts. 8306–8309). The material issues presented by the petition and answer were submitted to the jury, who returned a verdict for appellee and for the payment of compensation to him in a lump sum. The verdict was received by the court, and judgment was entered thereon in accordance with its tenor and effect.

For the purposes of this appeal, the verdict of the jury establishes as true the material facts in evidence which are favorable to the appellee, and which correspond to the allegations in the petition. For a clear understanding of the case it is necessary to state only the ultimate

925

facts so established by the verdict. For many years appellee had been an employee of the Gulf Refining Company, which carried a ·policy of workmen's compensation insurance with appellant.

On January 15, 1932, in the course of his employment, while attempting to close a gate, a strong gust of wind blew the gate upon appellee, pinning him underneath it, striking his head and neck a very severe blow. It occurred at night and, although he regarded the injury as a trivial one, early the next morning the appellee reported the occurrence to the chief clerk of his employer, and continued to perform his duties as a night watchman. For several days he was a little sore and bruised, but "did not think it anything serious."

Some time in March, 1932, there developed a condition in appellee's neck which affected the carriage of his head, and then he began to consult physicians, none of whom was able to give him relief or to suggest the cause of the trouble. This condition grew steadily worse, ·but he continued to work through the use of a brace on his neck supporting his head. Finally, the brace had to be abandoned, as it had become too painful, and on December 11, 1934, his condition had progressed to such an extent as to render further manual labor impossible, and he gave up his job.

Although on the date mentioned he had become totally and permanently disabled, it was not until May 2, 1935, that X-ray pictures of him were taken which revealed that his neck was broken. His condition was the direct and proximate result of the injury received in the course of his employment in January, 1932, but this was the first time he or his physicians knew it. Theretofore, both he and his physicians had attributed his incapacity to unknown causes. During the period from the date of the accident to May 2, 1935, appellee had sincerely believed that the injury from the falling gate was trivial. It was the only accident in his life which could have caused the breaking of the vertebrae of his neck.

On May 24, 1935, he made claim before the Industrial Accident Board for compensation. It was then too late to do so, for, conceding that he had good cause for not making said claim within six months after the date of the accident, since he believed the injuries thereby received were trivial and not such as materially to incapacitate him for work, he did not have good cause for not making the claim up to the time he filed it.

The case turns upon the proper construction of the Texas Compensation Law, and it is the duty of the federal court in construing a state statute to follow the construction given it by the state court of last resort. Since the argument and submission of this cause in this court, the Supreme Court of Texas has construed the applicable statutes to mean that compensation should be calculated continuously from the date of the physical injury, and not from the date incapacity ensued, and that good cause for failure to file the claim within six months must continue to exist until the time of the filing thereof Texas Employers Ins. Ass'n v. Guidry (Tex.Com.App.) 99 S.W.(2d) 900. See also, Jones v. Texas Employers Ins. Ass'n (Tex.Com.App.) 99 S.W.(2d) 903; Texas Employers Ins. Ass'n v. White (Tex. Com.App.) 99 S.W.(2d) 904; Indemnity Ins. Co. of North America v. Williams (Tex.Com.App.) 99 S.W.(2d) 905. Cf. Rice v. Maryland Casualty Company (C. C.A.) 88 F.(2d) 923, decided March 4, 1937.

The judgment of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.