## MIDDLETON et al. v. HARTFORD ACC. & INDEMNITY CO.

### No. 9446.

Circuit Court of Appeals, Fifth Circuit.

May 16, 1941.

Rolland Bradley, of Houston, Tex., for appellants.

Albert P. Jones, of Houston, Tex., for appellee.

Before SIBLEY, HUTCHESON, and McCORD, Circuit Judges.

SIBLEY, Circuit Judge.

The suit was for compensation for injury under the Texas Workman's Compensation Law, Vernon's Ann.Civ.St.Tex. art. 8306 et seq. The judge directed a verdict

for the defendant. The plaintiffs having obtained an order to appeal in forma pauperis under 28 U.S.C.A. § 832, gave notice of appeal, and filed a narrative statement of the evidence under Federal Rules of Civil Procedure, rule 75(c), 28 U.S.C.A. following section 723c. The appellee required that the stenographic report of the trial in question and answer form be substituted. The appellants went to the judge under Rule 75(h) for approval of their statement, asserting in their motion therefor that it was correct, that they had no stenographic report of the trial and because of poverty could not get it, and having appealed in forma pauperis ought not to be deprived of their appeal for lack of it. The appellee, not pointing out any particulars wherein the narrative statement was wrong, insisted on the right to the stenographic report. The judge, being unable to remember the evidence in detail, but being of opinion that the narrative was not correct refused to approve it, but ordered the Clerk to certify it and the proceedings about it to this court which was done. The appellee has moved to dismiss the appeal for want of a sufficient record on appeal.

 Rule 75 prescribes how a record on appeal is to be made up and perfected in a civil action, whether a case of law or equity. The appellant is to serve on the appellee "a designation of the portions of the record, proceedings and evidence to be contained in the record on appeal", and within ten days afterwards the other party may serve and file a designation of "additional portions of the record, proceedings, and evidence"; Rule 75(a). The "record" means the writings filed with the district clerk as pleadings, process, formal orders of the judge, and such other writings, as have always been considered parts of the record in a law or equity case in the district court. "Proceedings" include the oral motions and judgments during the trial, the rulings on evidence, the selection of the jury where there is one, the charges and refusals to charge, and the many occurrences of a trial which are not entered on the minutes of the court or otherwise reduced to record form. The "evidence" of course refers to the proofs. Oral evidence is never matter of record until reduced to writing and made so. Depositions and interrogatories filed with the clerk, and documents introduced in the trial and filed with the clerk, were for-merly considered part of the record in an equity case, but not in a law case. In a law case the rule was rigid that the evidence, oral, written and documentary, and all the unrecorded "proceedings", must be embodied in a bill of exceptions authenticated by the judge, in order to be certified by the clerk to an appellate court. 28 U.S.C.A. § 776. Thompson v. Riggs, 5 Wall. 663, 18 L.Ed. 704; Baltimore & P. R. R. Co. v. Trustees, 91 U.S. 127, 23 L.Ed. 260; England v. Gebhardt, 112 U.S. 502, 5 S.Ct. 287, 28 L.Ed. 811; Evans v. Stettnisch, 149 U.S. 605, 13 S.Ct. 931, 37 L.Ed. 866; Lees v. United States, 150 U.S. 476, 14 S.Ct. 163, 37 L.Ed. 1150; Bassing v. Cady, 208 U.S. 386, 28 S.Ct. 392, 52 L.Ed. 540, 13 Ann.Cas. 905.

In equity cases originally there was no oral evidence, but Section 30 of the judiciary act of 1789, 1 Stat. 88, 28 U.S.C.A. §§ 635, 639–641, 644, authorized it, and Sect. 19 provided that on appeal it be agreed on by the parties or stated by the judge. A bill of exceptions was unknown to equity practice. Ex parte Story, 12 Pet. 339, 9 L.Ed. 1108. Difficulty with oral evidence began in Conn v. Penn, 5 Wheat. 424, 5 L.Ed. 125. The whole matter was reviewed in Blease v. Garlington, 92 U.S. 1, 7, 23 L.Ed. 521, where it was held that oral evidence "must be taken down or its substance stating in writing, and made part of the record." It is not said how it is to be made part of the record, but presumably by being agreed on by the parties or approved by the judge. The recent Equity Rule 75 explicitly required approval by the judge.

 The Rules of Civil Procedure abolish the bill of exceptions in law cases, but make no provision in a law or equity case for the judge to certify anything, unless in settling a dispute under Rule 75(h). It seems to be assumed that the clerk has everything, and the parties have merely to "designate" what they wish certified under Rule 75(g). It is plain from Rule 75(b) as to the "proceedings" and "evidence" at a trial "which was stenographically reported", that the "reporter's transcript" is to be relied on, subject of course to correction by the judge under Rule 75(h). And there is provision in Rule 75 (c) for a party to accompany his "designation" of evidence with what he thinks is a proper narrative of the testimony, to be substituted by "question and answer form" on requirement of the other party.

Again a stenographic report seems to be in mind. There is no express provision at all for making an authentic statement of the "proceedings" in a trial not stenographically reported, or as to which no "reporter's transcript" is available. It is probably to be inferred that an appellant may serve with his "designation" not only a narrative of the evidence but also his account of the "proceedings", which will be esteemed correct unless his adversary serves a supplement, or take its truth to the judge under Rule 75(h). If the appellee files a supplemental statement of evidence or proceedings, it too will be deemed agreed to unless taken to the judge. A record of "evidence" or "proceedings" which the clerk may certify may thus be created by the express or presumed assent of the parties, or by the order of the judge in settling disputes, where a reporter's transcript is not available as well as where it is.

If there is a reporter's transcript it may be required to be used by either party, in whole or in part, subject to correction by the judge. But this does not mean that always the entire transcript is or can be required to be used. Much of it often consists of preliminary statements, arguments of counsel, repetition, irrelevancies, which counsel and the trial judge know are immaterial and could easily strike out; but the materiality of them can be discovered in the appellate court only by reading and considering it all after the expense of transcribing and printing has been incurred. That only the parts of the transcript essential to the questions to be decided are to be used is apparent from Rule 75(b) and (e).

In the case before us a stenographer reported the trial. Whether he was one appointed under Rule 80(a) or (b) does not appear. Unless he had such a status, or was agreed on by the parties as a proper stenographer, the trial was not "stenographically reported" within the meaning of Rule 75. His certificate (none was made here) to the correctness of his transcript would not authenticate it. The Rule does not contemplate that one party shall employ a stenographer of his choice to report for him, without the authority of court or adversary. Such a reporter would be a competent witness before the judge, in case of disagreement as to the proceedings or evidence, but that is all. In the argument of this case no point is made

as to the status of this stenographer, so we assume him duly appointed.

Nevertheless we think there was no "reporter's transcript" available under Rule 75, because the stenographer would not, and was not compellable to, make and furnish it free, and the appellants were unable to pay for it. They had the right to appeal their case without paying costs, and under Rule 80 the stenographer's fees are taxable as costs. We feel sure that the Rules of Civil Procedure, if they could, were not intended to limit the right of a citizen to litigate in forma pauperis under the statute. The general rule that an appellant shall furnish and use the reporter's transcript is subject to the special statutory exception of a poor person who cannot obtain it. A general statute does not repeal by implication a special one unless the conflict is plain and irreconcilable. In re Kang-Gi-Shun-Ca, 109 U.S. 556, 3 S.Ct. 396, 27 L.Ed. 1030; Rodgers v. United States, 185 U.S. 83, 22 S.Ct. 582, 46 L.Ed. 816; Washington v. Miller, 235 U.S. 422, 35 S.Ct. 119, 59 L.Ed. 295. Neither should a general rule of practice having the force of a statute.

What then should the trial judge have done? We think he should have required of the appellee more specific objections to the appellants' statement of the evidence, some particulars as to what should be stricken, added or substituted, and if he himself could not remember what was testified, he could have called witnesses who gave or heard the disputed testimony. He should not have refused to approve the tendered narrative without any specific fault having been pointed out by appellee or himself and without opportunity given to remedy it. That the stenographer's transcript was not furnished was not, in view of the order permitting appeal in forma pauperis, a sufficient reason.

But we need order no further steps to perfect the narrative under Rule 75(h), because the appellee has produced here the stenographer's transcript, approved by the judge and by appellants' counsel, with a motion that it be filed and used if the appeal be not dismissed. We overrule the motion to dismiss the appeal and order the agreed transcript filed and used as a part of the record on appeal.

On the merits, it appears that the appellant Frank S. Middleton, while indus-

trially employed on February 2, 1937, was hit from behind by a heavy tractor which bruised his back and cut his leg open. The leg injury was thought to be the serious one, the employer's physician saying the back would soon be all right. The leg promptly healed, but the back continued to give pain, appellant became very nervous, and about six months after the injury was advised to take a rest. He went upon a farm, and in September tried to pick cotton, having to work on his knees to avoid stooping, and after picking one hundred pounds of cotton one afternoon he had to go to bed because of his back and remain there twelve days. Returning to the city he went to the hospital in November. In March he worked at his old job eight nights, had to quit and has not worked since. In April he went to a chiropractor, who told him his trouble was with his spine, but he thought he could help him. After six weeks the chiropractor said he could do him no good. Appellant then consulted a lawyer and filed claim for compensation June 7, 1938, sixteen months after receiving the injury.

■■ The statute Revised Civil Statutes, Art. 8307, § 4a, requires a claim to be filed within six months from the injury. The time limit may be waived in meritorious cases where good cause is shown for not filing. The good cause must exist not only at the time the six months expires, but must continue until the claim is filed. If the injury is known, and has occasioned either total or partial disability, claim ought to be timely filed, though its full seriousness has not been realized. The statute makes a timely claim a condition of relief. We may assume without deciding that the circumstances afforded good cause for not filing on August 2, 1937, but in September, and the months following, appellant knew his back was in part at least the cause of his disability. He was bound then to file claim for the injury to his back without further delay. There was no good cause for continuing to delay until June, 1938. Mayers v. Associated Indemnity Corp., 5 Cir., 108 F. 89; Indemnity Ins. Co. v. McManus, 5 Cir., 88 F.2d 924; Williamson v. Texas Indemnity Ins. Co., 127 Tex. 71, 90 S.W. 2d 1088; Indemnity Ins. Co. v. Williams, 129 Tex. 51, 99 S.W.2d 905; Petroleum Casualty Co. v. Dean, 132 Tex. 320, 122 S.W.2d 1053; Cunningham v. Fidelity & Casualty Co., Tex.Civ.App., 102 S.W.2d

1106; Texas Indemnity Ins. Co. v. Cook, Tex.Civ.App., 87 S.W.2d 830. The verdict was properly instructed against the appellant, and the judgment is affirmed.