## PILGRIM v. BIGGS et al.

### No. 402.

District Court, E. D. Tennessee, S. D.

June 23, 1942.

John S. Wrinkle, of Chattanooga, Tenn., for plaintiff.

Harry J. Schaeffer and Joe V. Williams, both of Chattanooga, Tenn., for defendants.

DARR, District Judge.

The question presented is on motion to require the plaintiff to furnish a cost bond within a reasonable time, or on his failure to do so, to dismiss the case.

The case is filed upon an order of the court allowing the plaintiff to prosecute the suit on oath in forma pauperis. The grounds of the motion are based on two propositions:

1. That the plaintiff is a nonresident and under the laws of Tennessee would be required to furnish a cost bond.

2. That under the laws of Tennessee in cases of this kind it is provided that they cannot be brought and maintained on the oath provided for poor persons.

Under the United States Statute, codified at Section 832 of Title 28 U.S.C.A. and under the local rules of this court, Rule 32, provision is made that any citizen of the United States may, upon the order of the court, prosecute any suit or action in forma pauperis.

■ The Federal Rules of Civil Procedure do not limit the right of a citizen of the United States to litigate in forma pauperis. Middleton v. Hartford Accident & Indemnity Company, 5 Cir., 1941, 119 F.2d 721.

■■ It seems to be conceded that the Federal Rules of Civil Procedure, 28 U.S. C.A. following section 723c, superseded the Conformity Act, 28 U.S.C.A. § 724. But whether this be true or not, I think it rather plain that a construction of the statute itself, together with the authorities investigated, leads to the conclusion that there is congressional directions to the federal courts to permit the prosecution of any suit by a citizen of the United States on the pauper's oath.

The cases insisted upon as being an authority by the defendant in my judgment are not analogous. These cases appear to be where suit is brought by a nonresident without the offer of a pauper's oath. The statute applying to this case was not for consideration.

It results that I am of the opinion that this plaintiff, a citizen of the United States, has a statutory right to prosecute this suit upon the pauper's oath already given.

Order accordingly.