## WILLIAM HOWARD HAY FOUNDATION, Inc., v. SAFETY HARBOR SANATORIUM, Inc.

### No. 10664.

Circuit Court of Appeals, Fifth Circuit.

April 14, 1944.

R. Wilson Evans, President, Dr. William Howard Hay Foundation, of St. Petersburg, Fla., for appellant.

Cyril E. Pogue, of Clearwater, Fla., for appellee.

Before HUTCHESON, HOLMES, and WALLER, Circuit Judges.

PER CURIAM.

A reading of the record appellant has submitted with the motion for leave to file a mandamus makes it clear that appellant's difficulties in obtaining its record arise out of a misapprehension on its part as to the course it should pursue. If it pursues the course clearly provided by Rule 75 of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, Record on Appeal to a Circuit Court of Appeals, no occasion will arise for resort to the mandamus it now seeks. That course does not require appellant to obtain approval by the court of the statement of the testimony it desires to designate for inclusion in the record on appeal. There was no stenographer, and under Rule 75(c) appellant was required to file with its designation a condensed statement in either question and answer or narrative form of the testimony it desires brought up. This may be all or a part of it, but if only a part is to be brought up, appellant must, under 75(d), serve with its designation a concise statement of the points on which it intends to rely. When the appellant has done this and filed it with the clerk, its responsibility is over and it is the duty of the clerk to transmit to the appellate court under his certificate whatever appellant designates for transmission. If the appellee wishes additional evidence or other matter brought up, it is its duty and not the appellant's to designate it.

Under these rules, the appellant has no duty to secure the approval of the district judge to the matter it desires to designate. The district judge has no duty to certify the record. The record is made up from the designations of appellant and appellee, and the district judge has no function in certifying to the correctness of these designations. By Rule 75(h), however, which clearly provides that "It is not necessary for the record on appeal to be approved by the district court", it is provided that "If any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court, and the record made to conform to the truth". The function, and the only function then, of the district judge in connection with the preparation of the record for appeal to this court is, on complaint of either party that matter designated for the record does not truly reflect what occurred, to correct that matter to make it so reflect. But this does not, as seems to have been supposed here, require or permit the district judge, by declining to certify whether the record is or is not complete, to prevent the appellant from having his designated record sent up without that approval. The district judge's function and duty is performed when he settles as between the parties any differences that arise, not as to the completeness or fullness of the record but, as to whether any particular matter designated for inclusion in the record does, as far as it goes, truthfully state what occur-

red. In order to enable the judge to do this, it is the duty of the appellee to not merely make · general objections to the record appellant designates but to point out wherein the statement filed by the appellant is incorrect by furnishing in lieu of it the correct statement for which appellee contends. Cf. Middleton v. Hartford, C.C.A. 5, 119 F.2d 721, 724.

Because the rules, enabling the appellant to make its own designation, do not require the certificate of the judge, and do not permit the appellee, by putting up a general caveat, to obstruct the appeal, it is quite plain that by adhering to the rules appellant can obtain all the relief it desires without resorting to mandamus. The leave, therefore, to file the petition is denied.