Curtis H. SPRINGER, Appellant,

v.

May BEST et al., Appellees.

No. 15897.

United States Court of Appeals
Ninth Circuit.

Jan. 5, 1959.

Rehearing Denied Feb. 18, 1959.

Before CHAMBERS, BARNES and HAMLEY, Circuit Judges.

BARNES, Circuit Judge.

This appeal presents an incredible and almost impossible "record" for a reviewing court. Appellant Springer, though constantly urged to employ legal counsel, appears in propria persona. Appellee May Best, though repeatedly urged to employ legal counsel, appears in propria persona. Appellee Albright appears by attorneys Herzig and Hill, as do the three appellee minors, Lolly, Dolly and Tommy Best. One of the attorneys, Max L. Herzig states, seeking to appear as amicus curiae, "that he is a physician by profession." [1] We commented in our per curiam opinion affirming the lower court in the companion Adamson case on his lack of legal skill. This case presents similar examples, but more of them. This because here the case was tried, not dismissed below.

The matter stricken from the record here is comparable in volume to that which remains before us. Much more could readily have been stricken as impertinent, scandalous, scurrilous, and of no relevancy whatsoever. However, we have patiently attempted to examine all that was before us, and have endeavored to understand and interpret to the best of our ability the truly remarkable collection of documents—the pleadings and the exhibits. (For an example of one of the more coherent exhibits, see note 3 in the margin.)

■■ Upon hearing motions prior to the hearing of the case on its merits, this Court by a per curiam opinion dated April 10, 1958, —— F.2d ——, struck certain motions and certain documents in support thereof, described then by us as remarkable, impertinent and/or scandalous, from the files. Reference is hereby made to said per curiam opinion, and it is incorporated herein by reference to make this opinion more understandable. Particularly do we again call

Curtis H. Springer, Baker, Cal., for appellant, in pro. per.

Paul Hill, Max L. Herzig, Hollywood, Cal., for appellees.

1. In a companion case (Adamson v. United States, No. 16019, decided November 17, 1958), he states: "Primarily I was a practising physician all of my life."

appellant's attention to the following paragraph appearing therein:

"It is not the function of this Court to supervise laymen in the practice of law. If the appeal comes before this Court in its present posture, there will be only two questions properly before us: (1) Does each complaint involved state a claim upon which relief can be granted? and (2) Are the instructions of the court fair to appellant on their face and without reference to the record?"

See also our order of October 29, 1958, which is hereby referred to, and incorporated by reference herein.*

* Order Oct. 29, 1958.

Before FEE, CHAMBERS and BARNES, Circuit Judges.

PER CURIAM.

Now on this day this cause coming on to be heard upon motions of appellant and appellee and the Court being fully advised in the premises, it is

ORDERED that the petition and motion of May Best for ancillary relief be and the same is hereby denied; and it is further

ORDERED that the motion of appellant Curtis H. Springer, asking the advice of the Court as to the attorney of record for appellee, be and the same is hereby refused and denied; and it is further

ORDERED that the motion of May Best to file a document in reply to motion of appellant for time to file a reply brief be and the same is refused and the said document returned to May Best upon the ground that the matter contained therein is scurrilous; and it is further

ORDERED that the motion of appellant for additional time to file a reply brief be and the same is granted and time is extended for ten days from October 28, 1958; and it is further

ORDERED that this cause be set for hearing before this Court in the courtroom of the Court of Appeals on the sixteenth floor of the United States Courthouse in Los Angeles, California, on December 5, 1958, at 9:45 a.m.

May Best filed this action below, suing for recovery under an alleged contract. She recovered nothing because of a jury verdict against her. No appeal is taken from the judgment against her based on that verdict.

Judgment was recovered by various intervenors, whose claims were decided by the same jury verdict, in the amounts specified below:

(1) Mr. & Mrs. Bruce Adamson ..................... $ 850.00
(2) Jessie Corlett ................................. 650.00
(3) Mr. & Mrs. Edward E. & Frieda Choate ............ 650.00
(4) Rev. D. C. & Mrs. Zemenna Fowler ................ 650.00
(5) Mrs. Ida Green ................................. 1,000.00
(6) Mrs. Ruth Ellis Wiley .......................... 1,500.00
(7) Mrs. Reale Neva Anderson ...................... 650.00
(8) Lolly, Dolly and Tommy Best, all minor children, "in care of (sic) Paul Hill, Esq., their Guardian, ad litem" ........................................ 12,500.00
(9) Clara Albright, also known as Clara Ulbrecht ....... 5,000.00

A motion for a new trial was made and denied below, and timely appeal is taken here.

Appellant Springer, in his opening brief, states:

"Defendant does not appeal from the decision of the jury as touching plaintiff Best or from the decision of the jury as touching the following named plaintiff Intervenors from whom defendant received loans as was evidenced by the contracts which defendant presented in Court."

The Adamson, Corlett, Choate, Fowler, Green, Wiley, and Anderson judgments are then listed.

Thus we understand that appellant Springer appeals only from that portion of the judgment awarding Lolly, Dolly and Tommy Best the sum of $12,500, and Mrs. Clara Albright (or Ulbrecht) the sum of $5,000.

Appellant designated as his record on appeal the "Entire District Court Files and Exhibits." Those are before us, but there is no transcript of the testimony, and hence not one word of the testimony given at the trial.

In our per curiam opinion filed April 10, 1958, we made, in part, the following order with respect to this appeal:

"Unless bond, as required by Rule 73(c), F.R.Civ.Proc., and a statement of points, as described in Rule 17(6), United States Court of Appeals, 9 Cir. [28 U.S.C.A.], are presented to the Clerk of this Court within ten days, the appeal will be dismissed."

No bond nor statement of points was filed within ten days, but on April 30, 1958, a cash deposit for costs was filed and a "Designation of Record Material to Appeal." Appellant filed the last document through attorneys designated as of record, which designated in detail the following material:

"The Complaint in intervention of Lolly Best, Dolly Best, and Tommy Best; The Motion for Allowance of Complaint of Intervention; The Order Granting Authority to File Complaint of Intervention; and Complaint of Intervention for David Fowler, Clara Ulbright [sic] J. Bruce Adamson, and Magie France.

"Motion to dismiss Complaint in Intervention of following named individuals:

   a.  David Fowler
   b.  Clara Ulbright [sic]

   c.  J. Bruce Adamson
   d.  Magie France

"Agreement between Ida Green and defendant and appellant Curtis H. Springer, dated May 1, 1955 and appearing as page 172 of record of appeal.

"All exhibits admitted to evidence in behalf of plaintiff or defendant."

Thus we find one of the documents designated as material to this appeal relates to the claim of claimant Magie France, which did *not* result in a judgment against appellant, and three others to the judgment favoring claimants Green, Adamson and Fowler, which appellant does not dispute on this appeal.

■ Whether the complaints in intervention on behalf of Clara Albright and the three minor children should or should not have been filed are ordinarily matters of discretion lying with the trial court. There is here no charge of an abuse of discretion. We have no reason to believe that the trial court's discretion was abused in this case.

Appellant, in his reply brief, recognizes that no transcript of the testimony given at the seven day jury trial is before this Court, saying:

"Since a transscript (sic) of the case is not available, appellant shall make no reference to statements or testimony in No. 20852 T.C. but rather base his points on the Exhibits or record in said case and certain other physical facts within the knowledge of this Honorable Court."

■ The first question presented then is whether, with no record before us, and no question raised on this appeal either as to the legal sufficiency of the complaints in intervention to *state* a cause of action, or as to the *fairness* of the instructions given, there is anything before this Court upon which it can rule. We conclude that there is.[2]

---

**2.** In general the problem of what must be part of the record on appeal is governed by Rule 75(a) of the Fed.R.Civ.P., 28 U.S.C., which provides that "the appel-

lant shall serve upon the appellee and file with the district court a designation of the portions of the record, proceedings, and evidence to be contained in the

██ Appellant's brief, though completely disorganized, and at times unintelligible, apparently relies on the following points:

(1) "Possible error" in awarding $12,-500 to the three minors because of the following theories: (a) there was no proof that money was paid to appellant by them. This entirely ignores Exhibit 1.[3] But appellant says "there was no proof offered of an original of Plaintiff's Exhibit 1." Exhibit 1 was a *photostatic copy* of a typewritten document (or a carbon copy of a typewritten document),

record. * * *" Rule 75(b) sets out the procedure to be used where all or part of the reporter's transcript of the trial is designated. Here appellant Springer designated "Entire District Court files and exhibits." (R. 252.) Thus nothing is said about the transcript or "evidence" in his designation.

Rule 75(c), however, provides that the evidence of testimony need not be in any particular form, but that appellant may designate it and then prepare a condensed form of the testimony, to which the appellee may object and correct.

We have noted above that there was also a document later filed captioned "Designation of Record Material to Appeal" which specifies certain documents in the file, but not the transcript.

Finally, Rule 75(g) points out certain *documents in the district court files which must* be in the record even though not designated by the parties. The transcript of the trial is *not* among these items.

There is one final provision of the rule (Rule 75(o) ) that allows the filing of the record by transmission of original papers. This is permitted in this Circuit by Rule 10(1) of this Court. Here the Federal Rule provides "if a transcript of the testimony is on file the clerk shall transmit that also; otherwise the appellant shall file with the clerk for transmission such transcript of the testimony as he deems necessary for his appeal subject to the right of an appellee either to file additional portions or to procure an order from the district court requiring appellant to do so."

Because of the language of this rule, "problems as to what portions of the record, proceedings and evidence must be designated as matters to be included in the record are not uncommon. These problems must necessarily be solved in the light of the circumstances of the particular case in which they arise, keeping in mind that Rule 75(e) requires the omission of inessential matters but that the record on appeal must include all matters which are essential to a determination of the questions raised on the appeal." 2 Moore, Federal Practice ¶ 75.-04[*l*] at 3623–24 (2d ed. 1948). Cf. Middleton v. Hartford Accident & Indemnity Co., 5 Cir., 1941, 119 F.2d 721.

We conclude that there is no rule requiring the transcript, or even a part of it, to be part of the record on appeal, but it is clear that this Court can decide only questions which can be determined from what record there is before it. All others must be presumed waived.

3. Plaintiff's Exhibit 1 reads as follows: "Received of May Best and or Lolly, Dolly, and or Tommy Best The sum of Three Thousand Five Hundred ($3,500) dollars, *and advised at this time to* acknowledge Seventy Five Thousand ($75,-000) dollars heretofore invested and for this money and One Thousand ($1,000) dollars chashier (sic) check and $500.00 to A (sic), all of which is hereinafter together be referred to as Best.

"Best, desiring to embark with Springers enterprises, corporation and Mexican Broadcasting Radio Stations, Springer agrees to embark with Best, and upon the formulas of Doctor Best for Regeneration and Arthritis and Doubling the lifespan *recipes submitted to Springer,* and to forthwith put on the program on the Mexican Radio Stations XERB first in their joint Enterprises, Corporation, Springs ZZYZX, and 'facts about Life and How to Live it.' when May Best Signs The Agreement. It is desired to receipt herewith the Seventy Five Thousand ($75,000) dollars from AABC&DD for Best account. It is agreed between Springer and Best, Springer will give a full reckoning less 25% for all the $80,-000.00 invested by Best.

"*It is further agreed as follows.*

"May Best brings the children and herself to ZZYZX on the shores of Lake Tuende, at Baker, Best to live with and furnish the children to assist and give their affidavit and for Radio Broadcasts and pictures for joint use. Springer and Bast (sic) agrees to council together and advise to share and share alike except for twenty five *percent for expenses to* Springer. It is further agreed.

"There are no other agreements than those contained herein except with council and Doctor Bast (sic) and or Lolly, Dolly and Tommy Best, minor children.

"/S/ Curtis H. Springer
"/S/ May Best."

purportedly signed by Curtis H. Springer and May Best. With no record of the testimony before us it is impossible to determine whether or not a proper foundation was laid to justify the introduction of a photostatic copy in place and stead of an original document. Once such a foundation was laid, there is no reason plaintiffs could not have relied on the copy. Schuyler v. United Airlines, D.C.M.D.Pa.1950, 94 F.Supp. 472, 475, affirmed 3 Cir., 1951, 188 F.2d 968; United States v. Braden, 6 Cir., 1937, 92 F.2d 682. McCormick, Evidence § 206 (1954); 4 Wigmore, Evidence § 1281 (3d ed. 1940). Cf. also, 28 U.S.C. § 1732. From the record before us we have no way of determining the question of a proper foundation. The burden is on appellant to establish error, and not having done so, we must rule against him.

■ (b) Plaintiffs Dolly, Lolly and Tommy, and their mother, Mrs. Best, could not be believed because they "were living from pillar to post" during the time the appellant allegedly obtained money from their alleged trust funds. Whether the Bests, or the alleged Trustor, "Doctor Best," also known as Maxmillian Herzig, ever had money which appellant could obtain, and whether he did so obtain the money, are of course questions of fact that were presumably given to the jury to decide. We cannot interfere with their decision unless no question of fact was properly presented to them. We cannot decide such an issue when the record of the testimony given at the trial is not before us.

■ (c) May Best allegedly told the jury five separate and distinct stories as to how, when and where $75,000 (or $80,-000, or $89,000) in money was "obtained" by appellant. That may be the reason why May Best recovered nothing. But again, the question of whether "some part thereof" was paid from the minors' funds (if such funds existed) to appel-lant, is a question of fact for the jury to determine, and one which we are powerless to disturb in the absence of a record.

■ (2) Appellant urges that a document—Exhibit D, in evidence—completely absolves appellant of any liability to Intervenor Albright (or Ulbright), and particularly does paragraph two do so, because it contains the language (as quoted from appellant's brief):

"This sum of money has been paid by Albright, (Ulbright) and accepted by Springer to be used to further developement (sic) of ZZYZX Mineral Springs and with the definite understanding that it shall cover all costs for board and lodging and all other services rendered by ZZYZX Mineral Springs for Ulbright for the remainder of her life on this earth. It is further understood that this is not a gift, subject to gift tax, nor a loan or deposit subject to repayment by Springer to Ulbright, or her heirs at her passing."

Reliance entirely upon this language, of course, fails to consider the legal effect of any evidence with respect thereto, (if there was any) submitted at the trial. Again, the record is not before us, but from the "Brief for Appellees and Affidavit for Clara Albright by Hazel Hitchen, her daughter,"[4] we gather that a defense of lack of consideration, if not of fraud, was urged on behalf of Mrs. Albright. Her daughter swears (by affidavit before us as part of her "brief"):

"Said Springer acknowledged in Court that he received $11,000 from my mother. * * * Said Springer, one day after he had her moneys put her in a car * * * and deposited her on the door-step of one 'Dr.' (like himself) 'minister' in Monrovia, who also had taken money from her who took her to a sanitarium * * * whereupon she wound up in the County Hospital. * * * *"

---

4. It was apparently stipulated that because "Aunt Clara" Albright was too feeble to appear at the trial, her daughter, Hazel Hitchen, could appear, and represent her, and testify for her.

We do not here pass upon the authenticity of the facts alleged in the "brief" filed on behalf of Clara Albright. We again merely repeat that there is no testimony one way or another before us which would enable us to pass upon the point appellant raises.

It is evident that appellant has failed to satisfy the burden of proof placed upon him on an appeal such as this, wherein he must establish error in the court below. On what is before us, we cannot reverse.

We have refrained from commenting upon appellant's charge that the judgment should be reversed because of "Doctor Best's" alleged history of litigiousness, or a "lack of sincerity" on the part of appellees, nor do we comment on appellee May Best's vivid references to a hundred matters completely outside the record, such as "slander" and "libel" allegedly existing because of recitals in documents found in numerous court files, "blackmail," "euthanasia," "threats of murder," "millions of dollars in royalties from an eyeglass invention," oral prenuptial agreements, and appellees' motion that we should here and now sentence appellant for criminal libel because: "fair play is the essence of due process."

■ On oral argument, appellant, recognizing the difficult procedural position he was in, asked this Court to grant him additional time to obtain selected portions of the reporter's transcript of testimony, stating that he could not afford to obtain the entire transcript of oral testimony given at the trial. In view of that fact, no useful purpose would be served by the granting of additional time to obtain only portions of the record. Such motion to so supplement the record is therefore denied.

All motions now pending before this Court are denied.

The appeal is dismissed.

■ We note on our own volition that there exists below a judgment in favor of "Lolly Best, Dolly Best, and Tommy Best, all minor children, *in care of* Paul Hill, Esq. their guardian ad litem." No such judgment can properly exist in the case. This is a matter which should have been, and must now, be clarified by the District Court. We assume that court will require that any moneys collected be paid to a general guardian or be deposited in a bank or trust company or an insured savings and loan association pursuant to California law, and that proper modification of the judgment below will see that this is done.[5]

---

5. Calif.Code of Civil Procedure, § 372; Calif.Probate Code, § 1510. Cf. Morris v. Standard Oil Co., 1923, 192 Cal. 343, 219 P. 998, 30 A.L.R. 1103.