Peggy GRAU, Plaintiff-Appellant.

v.

The PROCTER & GAMBLE COMPANY, and the Procter & Gamble Distributing Company, Defendant-Appellees.

Civ. A. No. 1783-N.

United States District Court
M. D. Alabama, N. D.

Feb. 1, 1963.

Sanford D. Weiss and Sidney C. Stuckey, Jr., Stuckey & Weiss, Montgomery, Ala., for plaintiff.

James Garrett, of Rushton, Stakely & Johnston, Montgomery, Ala., for defendants.

JOHNSON, District Judge.

Upon the close of the plaintiff's case, this Court, acting pursuant to Rule 50(a), Federal Rules of Civil Procedure, granted the motion of the defendants and directed that a verdict be entered in defendants' favor. By direction of the Court, a jury verdict for defendants was executed and filed with the Clerk of the Court, and on November 13, 1962, this Court entered a formal judgment upon said verdict as directed. Within the allowable time, the plaintiff filed her notice of appeal and, pursuant to Rule 75(a), Federal Rules of Civil Procedure, designated the entire record and proceedings, including all the evidence. On January 8, 1963, the official court reporter for this district filed with the Clerk of this Court a certified transcript of the proceedings in this case. Subsequent to the filing of the original certified transcript by the court reporter, the defendants, now the appellees, asked this Court to strike and eliminate certain portions thereof. The exact portions of the record which this Court is asked to strike are as follows:

*Page 24:* "MR. GARRETT: Ha, ha, ha, ha.

     \*     \*     \*     \*     \*

"MR. GARRETT: Ha, ha, ha, ha."
*Page 42:* "Q [MR. GARRETT]: Ha, ha, ha, ha \* \* \*.

     \*   \*   \*   \*   \*   \*

"Q [MR. GARRETT]: Ha, ha, ha."
*Page 74:* "Q [MR. GARRETT]: Ha, ha."
*Page 82:* "MR. GARRETT: Ha, ha, ha."
*Page 105:* "MR. GARRETT: Ha, ha, ha, ha.

"JUROR: Ha, ha, ha."

In asking this Court to edit the record and strike the above portions, the appellees state "that although Mr. Garrett and the juror may have made some sound at such times, that it was an inadvertent mannerism, such as a person coughing, clearing his throat or otherwise inadvertently making a sound." The appellees contend that the inclusion of the above portions of the proceeding merely serve to clutter unduly the record on appeal in this case. The plaintiff, now the appellant, formally objects to altering or changing the official transcript.

Those who know the Honorable James Garrett, Attorney at Law, who was, according to the record, doing all of the "ha, haing," would hesitate long and deliberate seriously before suggesting that he is not a highly competent practitioner of the law. This Court has long recognized and appreciated his exceptional and outstanding ability as a trial lawyer. He wears his success graciously—both in and out of the courtroom; he demonstrates his proficiency in the art of trial work in a manner pleasing both to the Court and, most of the time, to the jurors. As is generally true in the case of successful trial lawyers, Mr. Garrett is a past master in the art of suggestive psychology. His long and active experience in trial work enables him to practice with proficiency this art of suggesting through the use of auditory stimulation. He undeniably demonstrated this art of using the hypnotoxin of laughter in the trial of this civil action. When this art is practiced as Mr. Garrett practices it, it is with finesse and without reflecting a lack of respect for the witness, for the opposing counsel, or for the Court. The proficiency of Mr. Garrett in the use of this art is vividly demonstrated by at least one juror (page 105) joining him in his "ha, ha, has." As to how effective with the jury this approach to plaintiff's case (for damages growing out of her hypersensitivity to Crest Toothpaste) was to be, we will never know since the verdict was directed by the Court.

There is no contention on the part of the defendant-appellees that the official transcript, as made and filed herein by the official court reporter, does not truly disclose what occurred in the trial of this case. To the contrary, it is acknowledged by all concerned that the record does, in fact, accurately and fairly disclose the entire proceeding as it actually occurred. The only basis assigned in the motion to strike is that the inclusion of the "ha, has" might possibly give the appellate court the wrong impression concerning the atmosphere which prevailed and concerning the conduct of the defendant-appellees' counsel. In all fairness, and so there will be no misunderstanding, it is appropriate for this Court to observe now that the proceedings on the trial of this case were conducted in a solemn and dignified manner, with no conduct on the part of any of the participants that suggested otherwise.

In such instances where there is no error in the transcript of the proceedings and where there are no corrections to be made in the record, the district court has no authority to include or exclude. Rule 75(h), Federal Rules of Civil Procedure; Treasure Imports, Inc. v. Henry Amdur & Sons, Inc., 2 Cir., 127 F.2d 3; William Howard Hay Foundation, Inc. v. Safety Harbor Sanatorium, Inc., 5 Cir., 141 F.2d 952.

As to the authority of the court reporter to determine, in the exercise of his individual judgment, what sounds are to be recorded and what sounds are to be eliminated during the trial of a case, there appear to be no reported cases on this point. However, 28 U.S.C.A. § 753 (b), the statute governing court reporters and their duties, is fairly clear in stating that reporters shall record verbatim "all" proceedings in civil actions. Thus it is quite apparent that the court reporter has no authority to abbreviate or edit when recording the proceedings or transcribing the record. Abbreviating or editing may be done only by the parties pursuant to Rule 75(a), Federal Rules of Civil Procedure. While it is true that the "ha, ha, has" as recorded on pages 24, 42, 74, 82 and 105, in the transcript filed by the reporter in this case, are not essential to an intelligent understanding of the proceedings or to a decision in this case, it may be that in some later case such would be material and even critical to a determination of the point on appeal. Thus this Court—even if this were a discretionary matter—is not now willing to say that the reporter should not have included the expressions now objected to by the defendant-appellees. In making this

statement, this Court recognizes that the reporter has, in this instance, taken the liberty of interpreting the noises made by the parties to whom they are attributed. There is no question but that these parties were, on the occasions indicated, showing some mirth, satisfaction, or derision by a peculiar movement of the facial muscles and, further, were emitting some explosive or chuckling sounds by the exercise of the vocal cords. The interpretation of these sounds—whether they be considered in the courtroom or to the appellate court as amusing, humorous, merry, facetious, waggish or sportive—is not to the appellant's or the appellees' prejudice.

For the reasons herein expressed, it is ordered that the motion of the defendant-appellees filed herein on January 22, 1963, seeking to have this Court strike and eliminate certain portions of the record as made and filed by the official court reporter herein on January 8, 1963, be and the same is hereby denied.