**SPRINGFIELD COAL CO., Inc., et al., Appellants,**

**v.**

**Dan MEADE et al., Appellees.**

Court of Appeals of Kentucky.

June 28, 1968.

Earl R. Cooper, Salyersville, for appellants.

Cordell H. Martin, Hindman, for appellees.

CLAY, Commissioner.

The importance of the procedural question presented has impelled us to write a brief opinion explaining our order overruling appellees' motion to dismiss an appeal.

Appellants originally designated as the record on appeal under CR 75.01 "the complete record",[1] "except for summons and subpoenas". The following day this designation was amended and it provided, "IN ADDITION to the exclusion of summons and subpoenas there is to be excluded from the record *all depositions taken on discovery.*" (Emphasis added.)

Appellees have moved to dismiss the appeal on the ground that the amended designation called for a *partial* record and appellants failed to serve with such designation a "statement of the points on which he intends to rely on the appeal", as required by CR 75.04.

We assume these discovery depositions were filed as directed by CR 30.06(1), but they were not used in a hearing or the trial. The narrow question is whether the record on appeal is "complete" without them. It is.

CR 75.01 directs a party taking an appeal to designate three things: (1) the record, (2) the proceedings, and (3) the evidence. A definition of these component parts of a record on appeal may be found in Middleton v. Hartford Accident & Indemnity Co., 5 Cir., 119 F.2d 721. Depositions, though filed, are not technically a part of the clerk's record. Williams v. Norris, 12 Wheat. 117, 25 U.S. 117, 6 L.Ed. 571; Tappan v. Beardsley, 10 Wall. 427, 77 U.S. 427, 19 L.Ed. 974. Depositions used at a trial or hearing obviously fall in the category of "evidence". Discovery depositions not so used play no part in the proceedings and could play no part on appeal. It may be noted that CR 75.07(3), which directs the manner of preparation of the record on appeal by the clerk, refers to "a deposition used in the trial". The import of that language is that no one would designate a nonused deposition.

CR 75.04 requires a statement of points only if the appellant fails to desig-

---

1. This is commonly used terminology encompassing the clerk's *record,* the record of *proceedings,* and all of the *evidence.*

nate "the complete record and all the proceedings and evidence in the action". Depositions not used in a hearing or the trial are not, for appeal purposes, a part of the record, the proceedings, or the evidence. Therefore the "record on appeal" under CR 75.07(4) is complete without their inclusion. When appellants in their designation directed the clerk to exclude the discovery depositions (which were not used in a hearing or the trial), they were not designating a "partial" record on appeal. Consequently no statement of points was required under CR 75.04.

The motion to dismiss is overruled.

All concur.